

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SANJAY TRIPATHY,
          Plaintiff,
v.

FUEZ, J. FEID, LUIS GONZALEZ, JOHN
WOOD, EDWARD BURNETT, JEFF MCKOY,
TINA M. STANFORD, MICHELE
HARRINGTON, ANDREW M. CUOMO, and
STATE OF NEW YORK,
          Defendants.
-----------------------------------------------------------------x

**ORDER**

21 CV 5349 (VB)

     By Order dated June 30, 2021, the Court denied plaintiff's request asserted in his complaint for preliminary injunctive relief without prejudice to renewal at a later stage. (Doc. #3).

     On September 10, 2021, plaintiff filed a motion for injunctive relief or a temporary restraining order pursuant to Fed. R. Civ. P. 65, renewing his previous request for preliminary injunctive relief. (Doc. #24).

     To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc., 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); Wright v. Giuliani, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

     Having reviewed plaintiff's motion for preliminary relief, the Court finds plaintiff has provided no new fact or argument demonstrating that (i) he is likely to succeed on the merits of his case or (ii) he will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief.

     Accordingly, plaintiff's motion for preliminary injunctive relief is DENIED.

     The Clerk is instructed to terminate the motion. (Doc. #24).

     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: September 14, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge