COVER LETTER    *Case# 21-CV-05349-VB*
*Petitioner's Response*

To: ProSe Intake Unit - SDNY; US Courthouse, 300 Quarropas Street, White Plains,
                NY 10610;
    Attn: Clerk [HON. Vincent L. Briccetti, US District Judge];
Cc: Office of the NYS AG, 28 Liberty Street, 18th Floor, New York, NY 10005;
    Attn: Attorneys for Defendants [Assistant AGs - Neil Shevlin; Michael Keane]
From: Sanjay Tripathy [ProSe Plaintiff/Petitioner]; 18R1673, Collins CF, Middle
                Road, PO Box 340, Collins, NY 14034-340;
        An innocent man illegally incarcerated [1518 days & counting] and
        religiously persecuted, wrongly retaliated by The State of New York
        and State Actors acting under the Color of Law;
Date: *Wednesday*, July 6th, 2022;
Subject: Petitioner's Response to Defendant's Motion to Dismiss the Amended
        Complaint - to be set aside, discovery to commence in preparation of
        a Jury Trial, with Injunctive/Declaratory and Monetory Relief awarded

Petitioner [via this cover letter and attached response] files his response
to Defendants Motion to Dismiss [received 6/29/2022] the Amended Complaint.
Petitioner pleads with the Court to set aside Defense motion to dismiss, as
demonstrated [via the facts of his Amended Complaint and this Response] with
facts [shown], the laws [specially RLUIPA] and the prevailing jurisprudence
[see Robinson v. Superintendent Houtzdale SCI, 2017 - 3rd Circuit, and other
relevant cases] when applied to a strict scrutiny analysis [required of RLUIPA]
shows that Defendants [The State of New York] fail and cannot [mustnot] have
any compelling interest that can force Petitioner to lie [admit to untrue facts]
in violation of his core and sincerely held religious beliefs [when applied
to the extremely demanding compelling interest and least restrictive means
tests].

It should be noted [as Petitioner shows] that Defendants have not been at all
sucessfull in forcing Petitioner to lie, but not because they [Defendants] have
not tried [they try and retaliate every day; see Incidents #1, #2, #3, #4, which
are part of the amended complaint and Incodent #5 after the amended complaint].
An attempt [without success] by Defendants [like an attempt to murder someone
even if it did not cause death is still culpable] to force Petitioner to lie
is also a constitutional/statutory violation, especially when the perpetrators
are acting in collusion, corruption and in a conspiracy [to also defraud the
taxpayer] while indulging in false claims.

RECEIVED
JUL 11 2022
U.S.D.C.
W.P.

①

Petitioner is ProSe, not a lawyer, and severely handicapped with a lack of resources, therefore pleads and prays to this Court to look at the facts of the case, as it adjudicates the motions.

Petitioner would also like to be record that he is innocent of all charged crimes [New York County Indictment #2720-2016] and his conviction was obtained unconstitutionally, and he is fighting to exonerate. Petitioner pleads that this Court take judicial notice of an active §440.10 [Post-Conviction Motion] in New York County Supreme Court [Judge HON. Mandelbaum] and current review by The Manhattan DAs ["PCJU" - Post Conviction Justice Unit; Chief - Terri S. Rosenblatt], all to prove Petitioner's innocence and exoneration. Petitioner is reasonably confident of his innocence claims and expects a positive outcome in short order. In the event, that Petitioner is exonerated he plans to continue litigating this case for Declaratory and Monetory relief.

Petitioner pleads for evidentiary hearings and oral arguments as the Court decides on the motions, and pleads for procedural leniency, along with a potential opportunity to amend/correct glaring errors.

Petitioner affirms and attests all information in this response [and the amended complaint] are true to the best of his knowledge under Penalty of Perjury, and should be construed as an affidavit.

Respectfully Submitted,

7/6/2022

_____

Sanjay Tripathy

## TABLE OF CONTENTS

| #   | Description                              | Page #s                      |
| --- | ---------------------------------------- | ---------------------------- |
| 1.  | Cover Letter                             | 1                            |
| 2.  | Table of Contents                        | 3                            |
| 3.  | Table of References/Authorities          | 4                            |
| 4.  | Preliminary Statement                    | 5                            |
| 5.  | Material Facts                           | 8                            |
| 6.  | Rebuttal of Defense Motion to Dismiss    | 14                           |
| 7.  | Summary of the Arguments                 | 19                           |
| 8.  | Arguments                                | 20                           |
| 9.  | Conclusion                               | 23                           |
| 10. | Exhibits                                 | 1-33 [Numbered Separately]   |

[Note: Exhibits are numbered and referenced separately starting with Page #1 to #33]

Petitioner's Response to Defense Motion to Dismiss
[#21-cv-05349-CS; SDNY; HON. Vincent L. Briccetti, US District Judge; Tripathy v. Feuz et. al.]

TABLE OF REFERENCES/AUTHORITIES

| Description | Page #s |
|---|---|
| RLUIPA | Passim |
| RFRA | Passim |
| First Amendment - Freedom of Speech; Free Exercise | Passim |
| 14th Amendment - Due Process; Equal Protection | Passim |
| Article III | Passim |
| Spending Clause | Passim |
| Commerce Clause | Passim |
| §1983 and §1985 | Passim |
| False Claims Act | Passim |
| RICO | Passim |

Robinson v. Superintendent Houtzdale SCI [3rd Circuit] 2017 - 1, 22,

Ramirez v. Collier, 2022 [US Supreme Court] - 5, 22,

Shurtleff v. Boston, 2022 [US Supreme Court] - 5, 22,

Carson v. Makin, 2022 [US Supreme Court] - 5, 22,

Kennedy v. Bremerton School District, 2022 [US Supreme Court] - 5,22,

New York Rifle < Pistol Association Inc v. Bruen, 2022 [US Supreme Court] - 15, 22,

Turnet v. Safely, 1987 [US Supreme Court] - 15,22,

Holt v. Hobbs, 2015 [US Supreme Court] - 15, 21,

Williams v. Annucci, 2018 [2nd Circuit] - 15, 19,20, 21,

Washington v. Gonyea, 2013 [2nd Circuit] - 21,

Haight v. Thompson, 2014 [6th Circuit] - 21,

Tanzin v. Tanvir, 2020 [US Supreme Court] - 21,

Tanvir v. Tanzin, 2018 [2nd Circuit] - 21,

Sabir v. Williams, 2022 [2nd Circuit] - 21,

④

PRELIMINARY STATEMENT

Religious Rights [1st Amendment] are clearly, expressly enumerated in both the United States and New York State Constitutions. RLUIPA further enhances and protects [Petitioner] religious rights [similar to RFRA] for Petitioner [under NYS custody]. As per decisions by the US Supreme Court [term ending June 2022] the Court in numerous cases [Abortion, Gun Rights and numerous religious rights cases - Ramirez v. Collier; Shurtleff v. Boston; Carson v. Makin; and Kennedy v. Bremerton School District] has shown [specially Governments] that religious rights are not second class rights, and mustnot/cannot be trampled upon unless [with strict scrutiny analysis] government action [or inaction] can unequivocally demonstrate compelling interest and even when [the government] shown must be the least restrictive means to achieve that interest.

This case is primarily a religious rights question [under strict scrutiny], where once sincerity is established [Petitioner core and sincerely held religious belief of not to lie, nor provide any untrue facts], the next question shifts to  substantial burden [It should be uncontested that forcing/pushing/ encouraging/extorting/threatening Petitioner to lie/provide untrue facts to get benefits/liberty interest out of a mandatory/federally funded program is classic substantial burden]. Further questions include compelling interest [yes there is no doubt that government has compelling interest in rehabilitation, societal safety, therefore Petitioner needs to successfully complete the SOCTP/ Sex Offender program while getting all associated liberty interests] which is obviously there in this case but forcing Petitioner to [while pushing him constantly as shown in the amended complaint and this reponse via documents to lie/provide untrue facts/own up to sexually offending behavior] lie cannot and mustnot comply with the least restrictive means test. Thus, with facts [and documents] Petitioner demonstrates that the Defendants fail under strict scrutiny, and are therefore liable.

Further, Defendants when they wrongly [using incorrect facts, made up and un-approved criteria, contrary application of Static99R for the overide based on Expert - Dr Yolanda Fernandez who is author of Static99R and other reasons as shown with proof/documents in the amended complaint] and in violation of due-process rights overide Petitioner to a moderate-risk Sex Offender program [instead of a low-risk program], while missusing [fraudulently] taxpayer funds.

⑤

Defendants motion to dismiss pursuant to FRCP [12(b)(6) to state a claim for relief; 12(b)(1) remain alive throughout the proceedings; 12(b)(3) Venue] are all meritless, an attempt to delay, obfuscate, use of procedural techniques, and tactics mostly employed by government lawyers against ProSe Plaintiff's [see Williams v. Annucci, 2018 2nd Circuit where the Court clearly warned against such a approach where DOCCS/its Attorneys first try and procedurally bar the complaint, and then create delays so a final judgment takes time]. Petitioner [via Amended Complaint and this Response with Documentary evidence will show that this case is real, there is actual harm, and Defendants have acted in collusion as an illegal cabal, conspiring and also retaliating, even now to not only deny any relief, but also actively undermining constitutional/ statutory rights].has plead sufficient facts [with documents] that Defendants are forcing him to lie [provide untrue facts, falsity, own up to sexually offending behavior] to partcipate/complete the sex offender program [while also wrongly putting him in a higher risk/longer duration/more expensive program] so he can get benefits [liberty interests, SORA, SOMTA, Parole Conditions]. Further [best of Petitioner's] understanding Article III is for cases/controversies and not just for harm already done, but also imminent, ongoing and future harm all of which apply in this controversy.

Defendants denied any relief [see Grievance Decisions, Letters, Appeals and communications attached to the amended complaint and more to this response] and said clearly and unequivocally - "You are a convicted Sex-Offender, who must undergo the SOCTP program, and admit to his sexually-offendimg behavior as decsribed in the PSI report". Petitioner has never denied that [today] he is a convicted sex offender but has consistently [with documents attached to the amended complaint] maintained his innocence that he did not commit the charged crimes and therefore any admittance [by Petitioner] that he did the crimes [or as Defendants say taking responsibility for the sexually offending behavior] will clearly be a lie and in 100% violation of his core and sincerely held religious beliefs, thus a substantial burden. Despite Defendants having a compelling interest in the SOCTP program, forcing Petitioner to lie [to get benefits from a mandatory federally funded program] fails the least restrictive means test [under strict scrutiny] and thus Defendants are liable. Petitioner pleads for Oral Arguments/Evidentiary Hearings and Testimony of Arnold J. Levine to ensure that documents [from NY Court of Appeals and NY County Supreme Court along with the underlying evidence] prove that the PSI is wrong and Petitioner is correct [this will not invoke the Heck doctrine as Petitioner is not challenging his conviction].

SDNY is correct and proper venue and Defendants attempts are just delay tactics that are meritless. Petitioner's first/initial Defendants [Fishkill - Feuz, Reid, Wood and Burnett] are all personally involved and directly denied any relief [as shown with documents] along with DOCCS Albany Defendants [Annucci, McKoy and Mcallister] who are also personally involved and directly denied any relief while perpetrating the harms [as shown with documents]. Other Albany Defendants [Governor Cuomo/Hochul, Michelle Harrington and Tina Stanford] are not personally/directly involved in the controversy and Petitioner concedes as long as The State of New York is party [for injunctive/declaratory relief] the 3 Albany Defendants [Cuomo/Hochul, Harrington and Stanford] could be terminated from the matter. That leaves 1 Defendant from Collins [Brotz from Erie County] who is also personally and directly involved [as shown with documents]. Also, Petitioner was based in Fishkill [when he started the case] and again most likely to be transferred back to Fishkill, unless he exonerates by then [in the next few months]. Therefore SDNY is the proper venue and any attempts by Defense to plot a change of venue should be disregarded.

Petitioner pleads with the Court to potentially consider FRCP Rule 11 sanctions against Defendants [Defense Counsel] who have actively engaged in delay tactics, disregard of the facts [other Court Records v. PSI], obfuscation, non-mention of facts [that Defendants false claims around overide criteria, overide despite 100% contrary opinion of Expert/Author of Static99R - Dr. Yolanda Fernandez, use of threats and retaliation against Petitioner, conspiracy - RICO, §1983 and §1985, collusion and corruption to defraud the taxpayer] and blatant violations under the constitution/statutes against all civic norms, specially against vulnerable incarcerated like Petitioner.

(7)

## MATERIAL FACTS

Petitioner pleads the following along with attached Exhibit and also references the amended complaint/exhibits and Defense response/exhibits.

1. Petitioner's Criminal Case:

   Defense relies primarily on PSI and Sentencing Minutes [both attached to the amended complaint as Exhibit A-1 and A-3] to force Petitioner to lie [provide untrue facts and take responsibility for sexually offending behavior]. Petitioner has also attached the RAP sheet, Complainant's Deposition with the NY Court of Appeals Record [attached as amended complaint exhibits A-2, A-4, A-5] which all taken together prove major portions of the PSI wrong and casts serious doubts on its content/accuracy. Defendants have all of these documents and despite that force Petitioner to lie and use the same to overide [moderate instead of low SOCTP] is wrong. Petitioner has on numerous ocassions pled that if there are concerns then the Court should authorize oral arguments/evidentiary hearings and testimony under oath of Arnold J Levine, so this is resolved conclusively [Note Arnold wrote A-5 on the basis of A-6 of Exhibits of Amended Complaint]. Note Defense Response [MOL; Page 3; Footnote 3 on the news article] is frivolous and meritless, as nowhere has Petitioner ever admitted to any Crimes, and on the contrary always maintained his innocence.

2. Defendamts Personal Knowledge and Involvement:

   Fishkill Defendants [Feuz, Reid, Wood and Burnett] are all personally involed and denied any relief [they are the initial and first Defendants in this case]. See amended complaint Exhibits [C-1 Grievances, Appeals; and H-1 letter to Feuz; H-2 letter to McKoy] which clearly show personal knowledge, personal involvement and denial of relief. Petitioner met with Feuz/Reid in person on multiple ocassions wherein not only did they deny any relief but mocked Petitioner's Hinduism beliefs [saying we have had Sikhs, Muslims, Jews and Christians in the SOCTP who have had no problems admitting their crimes/sexually offending behaviours; show us where Hinduism says you can't lie which is clearly religious discrimination and implicates 1st/14th Amendment and RLUIPA].

   DOCCS Albany Defendants [McKoy, Annucci, Mcallister] all have personal knowledge and personal involveme [see Aemnded Complaint and Exhibits H-2, H-3, H-6, H-7, H-8, H-12, H-13, H-17, H-19, H-20, H-21, H-24, H-27].

   Other Albany Defendants [Cuomo/Hochul, Harrington and Stanford] donot have personal involvement but have personal knowledge of the matter due to the service of original complaint and the amended complaint.

   ⑧

The State of New York as a Defendant is primarily only due to injunctive and declaratory relief.

Collins CF Defendant [Brotz] has personal knowledge and personal involvement as clearly shown in tthe amended complaint [and attached exhibits]. Also see Retaliation [Amended Complaints/Exhibits Incident #1, #2, #3, #4, and with this response Exhibit A-1 Incident #5 and A-2 Incident #6]. Defendants for conspiracy [RICO, §1983 and §1985], collusion, corruption have acted together - Fishkill [Feuz, Reid, Wood, Burnett] along with DOCCS Alabny [McKoy, Annucci, Mcallister] and also Collins CF [Brotz] along with DOCCS Albany [McKoy, Annucci, McCallister]. Defendants Brotz, Mcallister and McKoy have also acted together for False Claims [note creation, and use/dissemnination of unapproved criteria for overide; see amendmded complaint Exhibit E-4 and H-19 along with H-5, H-6, H-7, H-8, H-9, H-10, H-11, H-12, H-13, H-15, H-16, H-17, H-20, H-21, H-22, H-23, H-24, H-25, H-26, H-27].

3. Petitioner SOCTP Program Overidetto Moderate [Instead of Low]:
Petitioner has conclusively shown with documents/exhibits that his override is wrong and must be reversed. Defense response basically says Defendants are within their rights for the override. Petitioner is not challenging the overide as a concept, but that it does not apply in his case. Defense response miserably fails and even fails to mention - unapproived criteria, wrong use of Penal Law [Extreme/Severe violence], wrong facts from PSI, contrary to Expert opinion [Dr. Yolanda Fernandez ouuthor of Static99R], perverse and self-serving interest and wastage/fradulent use of taxpayer resources. Petitioner has shown with preponderence of evidence [even potentially with clear & convicncing evidence] that Defendants override determination is wrong and must be reversed. In the event that Petitioner completes the program before the case concludes, then the remedy at law is damages and declaratory judgement. This implicates both procedural due-process and substantial due-process as completion/non completion of the SOCTP program have direct corelation to Petitioner's liberty interests [Good time allowance, parole Conditions, SORA registration level, SOMTA/Mental Health Civil Confinement] even if no adverse action has ocurred to date but the threats, the potential for severe harm implicates due process protections which Defendants have severely failed.

4. Defendants have forced Petitioner to lie, provide untrue facts and admit
   to sexually offending behavior, take responsibility for this behavior that
   led to his conviction and incarceration, due to which he must successfully
   complete the SOCTP [sex-offender program] to avail major liberty interest,
   in violation of his core and sincerely held religious beliefs. SOCTP is
   a mandatory federally funded program with no viable alternatives. Petitioner
   has shown [with documents] in the amended complaint and this response how
   Defendants have continued to force him [coax, cajole, incentivize and put
   substantial pressure] to own up and confess to alleged sexually offending
   behavior. The sole reason Defendants have not been sucessfull [despite
   efforts] to kick him out [negatively impact] of the SOCTP program is his
   stellar evaluations. Note many SOCTP partcipants are regularly kicked out
   of the program by Defendants wrongly and in full violation of their rights.
   It is clear that harm can be threats, coercion, and can also include future
   harm including mental anguish, trauma as is the case with Petitioner who
   due to Defendants actions has not been able to freely practice his religious
   beliefs and has been discriminated against and retaliated.
   Here is a brief list of Defendants efforts that force Petitioner to lie,
   agree to untrue facts and own up to sexually offending behavior in violation
   of his religious beliefs -
   - Defendants Feuz/Reid [in meetings] unequivocally confirming that petitioner
     will have to agree to his sexually offending behavior and there is no
     relief despite his religious concerns;
   - Petitioner letters to Defendants [see Amended Complaint Exhibits H-1, H-2];
   - Petitioner's Grievance, Appeals and denials [see Amended Complaint
     Exhibits C-1];
   - Sworn affidavits by SOCTP partcipants that Defendants are forcing them
     to admit facts/agree to sexually offending behaviors for program comple-
     tion [see Amended Complaint Exhibit G-2];
   - Letter from Jeff McKoy dated 11/15/2021 [see Amended Complaint Exhibit
     H-3];
   - Petitioner's SOCTP Treatment Plans [see Amended Complaint Exhibit J-1];
   - Petitioner's SOCTP Monthly Evaluations [see Amended Complaint Exhibit J-2];
   - Petitioner's SOCTP Treatment Progress [see Amended Complaint Exhibit J-3];
   - See Amended Complaint [Statement of Claim Pages #8 to #33];
   - See Legal Definitions [Amended Complaint Exhibit K-1];
   - See Exhibit B-1, B-2, B-3 [all attached to this Response] all showing how
     consistently and specifically Defendants are forcing Petitioner to admit/
     take responsibility of sexually offending behavior in violation of his
     core and sincerely held religious beliefs;

10

5. Grievances: PLRA demands that Petitioner fully exhaust his administrative remedies to provide Defendants/DOCCS to remedy issues before litigation [3 step DOCCS Grievance process] but the US Supreme Court and the 2nd Circuit have cautioned against blindly using exhaustion requirements as a threshold and have opined that full exhaustion may be overlooked when it is  a dead end, there is no hope for any relief, and similar considerations. Therefore, Petitioner pleads to the Court to look at this case holistically and per guidance [US Supreme Court/2nd Circuit] consider full exhaustion for adjudication.
- Petitioner has fully exhausted remedies for forcing him to lie in full violation of his core and sincerely held religious beliefs [see Amended Complaint Exhibit C-1];
- Petitioner has fully exhausted remedies for wrong overide [moderate instead of low] [see Amended Complaint Exhibit C-2];
- Also see Defense Exhibit [Declaration of Joshua A. Becker];
- Retaliation Incident#1 12/30/2021 Petitioner has fully exhausted remedies [see Amended Complaint Exhibit F-1];
- Retaliation Incident#2 4/4/2022  Petitioner was wrongly dénied the Grievan ce process by Becker [see Aamended Complaint Exhibit F-2];
- Retaliation Incident#3 4/11/2022 Petitioner has sent appeal to CORC as of 5/30/2022 [see aamended complaint Exhibit F-3 and Defense Becker Declaration Exhibit-C];
- Retaliation Incident#4 4/19/2022 Petitioner has sent appeal to CORC as of 5/19/2022 [see aamended Complaint Exhibit F-4 and Defense Becker Declaration Exhibit-D];
- -See Exhibit A-1 [attached to this response] as Incident#5 [after filing of Amended Complaint] of Retaliation by Brotz/Defendants where Brotz gave Petitioner a behavior contract to force him to take responsibility for sexually offending behavior; Petitioner has appealed to CORC 6/27/22;
- See Exhibit A-2 [attached to this response] as Incident#6 [after filing of Amended Complaint] where DOCCS staff [IGPS Becker at Collins CF] is denying Petitioner the Greivance process and retaliating against him due his lawsuits [protecting other staff by destroying Greivances and not even providing acknwoeldgement receipts to protect fellow staff];
Thus it is clear that Petitioner has tried his level best [with documents] to exhaust reemedies but DOCCS/Defendants/other staff have either denied relief, created obstacles, and never provided any relief making the Grievance process unavailable/dead end/with no hope of any reemedy.

6. Retaliation, Harassment, Retribution by Defendants [others DOCCS staff] towards Petitioner due to his lawsuits and grievances: See Amended Complaint and [Page 23 to 25] related exhibits [documents] detailing the retaliation. Also find Exhibits [A-1 & A-2] for incidents that ocurred after filing of the amended complaint. Retaliation started after Petitioner started the SOCTP program [Oct/Nov 2021] at Collins CF and has continued this day. Based on pattern of systemic retaliation and circumstantial evidence it is fair to say that Defendant Brotz is the ringleader of these acts and she has also influenced/conspired with other staff to perpetrate these acts. During Discovery [Admissions, Interrogatories, Depositions and subpeona of documents] it will clear who/when/how/why/where instigated these acts, whose effect has been to harass, cause pain and suffering with malicious intent only. Various incidents include -
   - Incident#1 on 12/30/2021 where an inmate counselling notification/warning was given to Petitioner [by Brotz] for using staff full name in written communication only, after Petitioner obtained this info via FOIL; see Amended Complaint Exhibit F-1 and Defense Becker Declaration Exhibit-A;
   - Incident#2 on 4/4/2022 where a Tier2 disciplinary ticket was given to Petitioner [by Brotz] and this ticket was thrown out as meritless by the hearing officer [Lt. Sullivan - who also said that Brotz is crazy and acts in these fashions to whoever chellenges her authority]; see Amended Complaint Exhibit F-2 and Defense Becker Declaration Exhibit-B;
   - Incident#3 on 4/11/2022 where a search was conducted only of Petitioner's legal paperwork and motions/responses related to the SOCTP lawsuit taken, papers copied after staples were removed shown to someone and only some returned back; Brotz denied these allegations but circumstantial evidence points towards her [why only legal work was looked at/removed etc.]; Good thing is during Discovery the truth will come out as there are documents/ paper trial available of all searches; See Amended Complaint Exhibit F-3 and Defense Becker Declaration Exhibit-C;
   - Incident#4 on 4/19/2022 where Petitioner was suddenly moved from D4 dorm; see Amended Complaint Exhibit F-4 and Defense Becker Declaration Exhibit-D;
   - Incident#5 on 5/10/2022 [after filing of Amended Complaint] where Brotz gave Petitioner a behavior contract [warning] for not taking responsibility for the sexually offending behavior [to force him to lie/provide untrue facts in violation of his core and sincerely held religious rights]; see Petitioner's Response Exhibit A-1 [including CORC appeal on 6/27/2022];
   - Incident#6 on 5/30/2022 where IGPS Becker [Grievance Supervisor at Collins

CF] is denying Petitioner access to the Grievance process [and thus protecting Defendants/DOCCS interest] by throwing Grievances away, not providing acknowledgements, and other nefarious and wrong acts in violation of the letter and spirit of the Grievance process; Prima-facie non-availability of the Grievance process only benefits the perpetrators and harms the Petitioner; this incident also took place after filing of the amended complaint and smells of conspiracy, collusion and systemic corruption that propagates DOCCS's rotten culture [staff is always right; and we protect each others back]; see Petitioner's Response Exhibit A-2 and note that Becker has prevented Petitioner from a formal hearing and thus denied the avilability of the Grievance process;

- Brotz [after Petitioner filed the Amended Complaint] has met Petitioner numeous times [in the Treatment Team meeting on 3/17 and 6/30 and also weekly Thursday in the Community Meetings at the Dorm] where she has mentioned verbally [1on1] - "I run SOCTP and will do whatever I please and have the ability to hurt your interests"; "I don't care what Dr. Yolanda Fernandez [Author/Expert of Static99R and Stable 2007] says I am the Psych and have the final say on overides";

  "If you or others donot admit to your crimes/sexually offending behavior I will kicik you out and take away your good time";

7. Conspiracy [RICO, §1983 and §1985] and False Claims: Defendant engaged in conspiracy when Fishkill Defendants [Feuz, Reid, Wood and Burnett] along with DOCCS Albany Defendants [McKoy, Annucci, and Mcallister] colluded and denied Petitioner any relief. Further also Brotz, Mcallister, MCkoy, and Annucci engaged in conspiracy, collusion when they forced Petitioner to lie [provide untrue facts and admit to sexually offending behavior] in violation of his core and sincerely held religious beleifs. Further thery also engaged in conspiracy when they deliberately, wrongly overode Petitioner to Moderate [instead of risk] in systemic defraud of taxpayer funds. Brotz, Mcallsiter and McKoy also engaged in False Claims when they created and used an unapproved document [see Amended Complaint Exhibit E-4] to overide Petitioner into moderate risk. See Amended Complaint Pages 8 to 33 and related exhibits that prove conspiracy and false claims.

## REBUTTAL OF DEFENSE MOTION TO DISMISS

This section directly references Defense [Memorandum of Law] motion to dismiss. Defense arguments primarily constitute - (1) personal involvement of certain defendants; (2) failure to state a claim; (3) failure to exhaust certain claims; (4) qualified immunity; and arguments about change of venue [from SDNY];

1. [Defense Point 1] see Petitioner Aamended Complaint and this Response [Material Facts Point #2 Defendants Personal Knowledge and Involvement]. Fishkill Defendants [initial] are all personally involved, as Petitioner met with them [personally on many ocassions] and they not not only discriminated, denied relief, but also transferred [in collusion with Albany] Petitioner to Collins CF to start the SOCTP program [despite the SOCTP program at Fishkill was available, Petitioner was eligible and had time to complete the program at Fishkill as he release date was 5/15/2024 and the program was 6-12 months duration]. Thus denial of religious rights, discrimination on the basis of religion and retaliation, along with conspiracy, collusion [with DOCCS Albany Defendants - McKoy, Mcallister, and Annucci] are all attributed to Fishkill Defendants [Feuz, Reid, Wood and Burnett] and thus they are personally involved, and liable. Injunctive relief typically does apply when transferred but in this case the SOCTP program is the same across DOCCS, thus injunction is applicable to all Defendants [including DOCCS via The State of New York].
Yes as Petitioner mentions earlier Defendants [Albany] Cuomo/Hochul, Stanford and Harrington have personal knowledge but are not personally involved and thus Petitioner concedes that they can be removed from this action. DOCCS Albany Defendants [McKoy, Mcallister and Annucci] are personally involved along with Collins CF Defendant [Brotz]. Defendant only raise objections to Annucci which is meritless as shown in amended complaint [Exhibits H-3, H-13, H-2, H-19, H-24, H-20] wherein the response from McKoy clearly states [on behest of Annucci] wherein Annucci is not only aware, but also encouraged/ordered McKoy to respond on his behalf to deny relief, and perpetuate the harm and unlawfull/discriminatory conduct, thus Annucci is liable.
All Defendants [except Cupmo/Hochul/Harrington/Stanford and The State of New York] not only are officially involved [due to their official roles, duties and responsibilities] but also peronally/individually as they went beyond their job functions and discriminated against Petitioner making them liable/responsible.

(14)

2. [Defense Point II - A, B - 1,2, C- 1, 2] see Petitioner Amended Complaint
[with Exhibits] and this Response [with Exhibits] and references below.
Petitioner has major primary issues ["forced to lie/provide untrue facts";
"wrongly overidden to moderate instead of low"; "retaliation"; "discrimina-
tion on the basis of religion"; "conspiracy" and "false claims"].
All of these claims are active controversies, causing irreparable harm,
while Defendants have denied any relief.
It is unequivocal that Petitioner raised his issues about being "forced to
lie/provide untrue facts/admit to sexually offending behavior" in the
SOCTP program [which Defendants denied and discriminated at Fishkill,
Collins and DOCCS Albany] in violation of his core and sincerely held
religious beleifs. This act of Defendants cointinues even today [see Exhibits
B-1, B-2 and B-3 to this response and all facts/allegations with documents
to the amended complaint] and therefore Defense arguments about "moot",
"ripeness" etc. are frivolous, meritless and ingenuous and must be disrega-
rded. Court earlier denial of injunctive relief should be revisited in
light of the facts and ruled on soon, else once Petitioner finishes the
SOCTP program [by Oct 31, 2022] the sole remedy at law will be declaratory
judgment and damages.
Free Exercise claims should be looked at with strict scrutiny [based on
US Supreme Court Fulton 2021 rulings and Justice Thomas opinion in New York
Rifle & Pistol Association Inc v. Bruen [2022 WL 2251305] on gun rights
and other rights enumerated [religious rights 1st amendment] in the
constitution, therefore Petitioner beleives Turner v. Safely 1987 should
either be abrogated or set aside for his 1st amendment claims in this case.
There cannot [mustnot] be any government interest that forces Petitioner
to lie [provide untrue facts, and agree to sexually offending behavior that
are a lie and Court documents put a serious doubt about the facts in the
PSI, which if needed can be easily authenticated with clear & convincing
evidence via an evidentiary hearing, oral arguments and testimony under
oath of Arnold Levine who wrote Aamended Complaint Exhibit A-5 based on
actual messages obtained from the Court file of complainant proving 100%
Petitioners version of events, and that complainant Mette Risdal lied under
oath in full knwoledge of the Trial Court/ADA, leaving no doubt about the
facts. Note these Court documents have been available with Defendants for
a while [that they and Defense counsel have conveiniently ignored].
RLUIPA strict scrutiny analysis is exceptionally demanding and the Govern-
ment fails here based on the facts, the law and the prevailing jurisprude-
nce [see US Supreme Court Holt v. Hobbs, 2015 & Williams v. Annucci, 2018].

The major elements of RLUIPA strict scrutiny analysis include - sincerity of Petitioner's beliefs [which Petitioner need to profess and consistently follow and they need not be logical, scientific, rational, or widely followed] which has been established. Then the inquiry moves to whether the government  actions put substantial pressure ttowards Petitioner freely exercising [engaging] in his core and sincerely held religious beliefs, wherein from the day Petitioner wrote to/met with Fishkill Defendants [see Amended Complaint and Exhibits  C-1, H-1, H-2] and his Grievances/Appeals to date DOCCS Albany Defendants and Brotz [see Amended Complaint Exhibits H-3, J-1, J-2, J-3 and K-1] and this Response Exhibits [B-1, B-2, B-3] all have constantly pressurized him to admit/discuss openly his sexually offending behavior which he has resisted, is the US Supreme Court/2nd Circuit definition of putting pressure on the adherent [Petitioner] to modify his bhavior [lie/provide untrue facts/admit/discuss sexually offending behavior] from aumanadatory [where he does not have achoice], federally funded program [SOCTP] completion of which is required for Petitioner to get libertyy interests [good time credits, SORA registration level, Parole Conditions, SOMTA/Mental Health/Civil Confinement] and if he does not complete sucessfully there are massive negative consequences, besides constant pain, anguish, traums and suffering. This is classic substantial burden by the government.

Once Petitioner has establishment sincerity of religious beliefs, and shown that the government action substantially burdens his religious beliefs, the burden shifts to the government to ddemonstrate with specificity and particularity that it has compelling interest and even it has compelling interest it must adhere to the least restrictive means to achieve that interest. Petitioner is a convicted sex-offender and always has been clear that he must take and complete the sex-offender [SOCTP] program and that the government has compelling interest [in rehabilitation, keeping society safe], therefore the Petitioner is not challenging his participation in the SOCTP but is challenging Defendants/Government forcing him to lie [provide untrue facts, admit/discuss openly sexually offending behavior that led to his conviction/incarceration, which Petitioner has shown with Court documents to have falsity/untrue] ind serious violation of his core and sincerely held religious beliefs, thus the Government/Defendants fail RLUIPA, and are liable per jurisprudence standards.

3. [Defense Point III - A, B] see Petitioner's amended complaint and this response [Point #2 Defendants personal Knowledge and Involvement] where Fishkill Defendants [Feuz/Reid[ discriminated against Petitioner as a Hindu when they compared his beleifs to other religions trigerring 14th Amendment Equal protection, which demands strict/scrutiny [or at a minimum intermediate scrutiny] as Petitioner is a suspect class and this is discrimination on the basis of religion.

Feuz/Reid have clearly discriminated against Petitioner being a Hindu and [suspect class] and against his religious beliefs [a constitutional violation] which they did not as supervisors but staff that directly run the SOCTP program at Fishkill CF, while also denying any relief.

4. [Defense Point IV] see Amended Complaint and attached exhibits wherein Petitioner has clearly shown that the overide determination is wrong, and violates his due process rights [use of unapproved criteria, wrong facts, contrary to expert advise, faudulent and systemic misuse of taxpayer funds and other logical, valid reasons with a preponderence of evidence]. Petitioner SOCTP partcipation has significant benefits [and losses if not completed] affecting his core liberty interests [good time, SORA, SOMTA and Parole conditions] thus trigerring both substantive and procedural due process.

Defense contention of the facts [Brotz "I cannot simply take his word that the record is inaccurate"] is a lie/misrepresentation and frivolous. Not only has the Petitioner proven that the PSI is wrong with Court Documents [see Amended Complaint Exhibits A-1, A-2, A-3, A-4 and A-5] but also the Defendants posssess all these documents that they chose to ignore and not even reference. As Petitioner has pled before this Court should conduct an evidentiary hearing [oral arguments and testimony of Arnold J. Levine] to ascertain the facts, that will shown that Defendants based thier overide on wrong information deliberately [maliciously in a conspiracy] to not deny Petitioner his due process rights but also defraud the taxpayer. RICO, False Claims, §1983 and §1985 conspiracy claims are based on facts that Brotz [Mcallister and McKoy] created and used unapproved documents wrongly while claiming their autheticity and use to get extra funding in a fraudulent manner, trigerring false claims and also Defendants [see Point '2 in Material Facts] in collusion and conspiracy to deny Petitioner hios rights along with monetory losses trigger RICO and conspiracy under §1983 and §1985. Defense arguments are frivolous, meritless and devoid of logis, thus making Defendants liable.

5. [Defense Point V]: see Amended Complaint [Retaliation Point #14 and Exhibits F-1, F-2, F-3, F-4], Defense MOL Becker Declration Exhibits - A, B, C, D and Petitioner's response Exhibit A-1/Incident#5 and A-2/Incident#6. Retaliation by Brotz and other staff instigated by Brotz continues relentlessly [only after Petitioner started SOCTP at Collins CF and filed his Grievance against Brotz for wrong overide] and has caused pain, suffering,

(17)

anguish, mental agony, sense of hopelessness, being always on the guard for what happens next [note Petitioner is 100% in DOCCS/Defendants care, custoidy and control and has no freedom]. Also harm/retaliation need not always occur as the threats are enough. If using staff first name/last name [Incident#1] is not wrong once the information is lawfully obtained then why did Brotz give a warning/counsellor notification. Further [Incident#2] ticket was thrown out so Defense Counsel claims there was no harm. The question is why did Brotz give a frivolous ticket knowing that it is meritless. Further incidents #5 and #6 continue where again Brotz is forcing Petitioner to lie by giving him a behavior contract [see this Response Exhibit A-1] which is not required but Brotz has hefarious/malicious intent and wants to kick Petitioner out of SOCTP ["as Petitioner dares to go up against the Queen of SOCTP" is what other staff told me in Private]. Also stooges of Brotz [colleagues] like Becker throw away Grievances wrongly; see Response Exhibit A-2 Incident#6.

Yes some incidents haven't been completed 30 days after CORC appeal - but both US Supreme Court and the 2nd Circuit have said PLRA/Grievance procedures may not be dead ends with no chance of redressel. Petitioner pleads to this Court to see this incidents of retaliation as systemic, relentless and Defense arguments that some of them have not been fully exhaust as frivolous. Retaliation against some one just because they are fighting for their legal rights, specially by someone in power is wrong, illegal and demands strict action.

6. [Defense Point VI] Yes Petitioner is aware of 11th amendment immunity for damages in official capacity, and is only pursuing damages in Defendants in their individual/personal capacityy

7. [Defense Point VII] Yes Qualified immunity is a Defense but it does not apply here as Defendants [Feuz/Reid/Wood/Burnett/McKoy/Annucci/Mcallister/Brotz] are knowingly/willfully/with malice forcing Petitioner to lie [provide untrue facts, admit to sexually offending behavior] which cannot fly, or withstand any justification, thus makes qualified immunity not apply. Note all these Defendants have personal knowledge, personal involvement and are sued also in their individual/personal capacity, while they engaged in conspiracy and illegal conduct, therefore liable for damages. Note Petitioner has pled in Amended Complaint that damages [monetary] are a remedy under RLUIPA in State employees individual capacity [see Amended Complaint].

8. [Defense Point VIII] This Court will continue to have geographical jurisdiction as Fishkill CF Defendants are primary [initial] besides DOCCS Albany and Brotz. Thus Defense arguments about transfer to WDNY/NDNY are frivolous.

## SUMMARY OF THE ARGUMENTS

Forcing Petitioner to lie, wrongly and fraudulently overide him to moderate
risk SOCTP program, while relentlessly retaliating and engaging in a conspiracy
while creating false claims, not only makes this a live conspiracy, but also
begs for urgent action against the perpetrators, who are all employees of The
State of New York sued both in their official and individual capacity.
This controversy hinges on - can a government force Petitioner to lie [provide
untrue facts, admit to sexually offending behavior] in a mandatory, federally
funded Sex-Offender program, in violation of his core and sincerely held
religious beliefs, having major implications on Petitioner's liberty interest.
Second, can a government force Petitioner to undergo a moderate-risk SOCTP
program instead of a low-risk program, wherein Petitioner has demonstrated
with clear and convincing evidence that Defendants overide is wrong.
RLUIPA, along with Due-Process [Substantive and Procedural] are demanding and
fact specific scrutinies [including strict scrutiny for RLUIPA] which  on the
basis of the facts of this case, the law [RLUIPA requires maximum protection
of religious beliefs and requires strict scrutiny], and the prevailing juris-
prudence [see Amended Complaint Standard of Review], the government fails.
The 2nd Circuit [see Williams v. Annucci, 2018] unequivocally warned that
DOCCS and its attorneys donot play fair, and use procedural trick vs. ProSe
litigants to either moot or delay judicial proceedings. Defense Motion is a
good example of these frivolous arguments, which Petitioner pleads for  this
Court to see through.
This case jurisdictionally [geographical] belongs in SDNY - as both Petitioner
and intial Defendants [who directly were involved and denied any relief while
discriminating against religious beliefs] from Fishkill were under SDNY
jurisdiction. Petitioner also named DOCCS Albany Defendants [Note Cuomo/Hochul,
Harrington and Stanford are no longer in play] and also later added 1 Defendant
[Brotz] in Collins. Therefore, given these Defendants and the fact that either
Petitioner will be based in North Carolina [post exoneration] or in the worst
case again at Fishkill CF [as that was his preference transfer due to family
and health reasons] SDNY will continue to be the best place for this litigation.
It should be noted that almost 18 months have passed since Petitioner started
work on this controversy, and therefore pleads to this Court to Order Discovery
so we can prepare for a public/jury trial.

<u>ARGUMENTS</u>

1. This case has standing [Petitioner forced to lie and Defendants wrongly overiding him to undergo moderate risk instead of low risk SOCTP], SDNY has jurisdiction [bothe subject matter and geographical]. SDNY has and will continue to have jurisdiction as initial Defendants are from Fishkill CF [Feuz/Reid/Wood/Burnett] all of who had personal knowledge, personal involvement and knowingly [knew what they were doing is wrong] denied any relief. Further DOCCS Albany Defendants [Mcallister, Mckoy and Annucci] all also had personal knwowledge, personal involvement, and denied relief knwoing they were worong. Same applies to Brotz. Further these Defendants enagged in conspiracy [§1983, §1985 and RICO] and also False Claims [Brotz/Mcallister amd McKoy]. This case is live and needs to be adjudicated as Defendants actions [including constant threats with retaliation] have major liberty interest implications [even if the harm has yet to occur as it is imminent, hanging like damocles sword, and Defendants via their action have tried their best to negatively impact Petitioner; petitioner has been lucky and diligent in his monthly evals else Brotz would crucify him like she  does to many partcipants in her treatment team meetings; Note on 6/30/2022 when Petitioner went to Treatment Team meeting Brotz warned him to take responsibility for his sexually offending behavior, while she kicked out Poole - another inmate who has also provided an affidavit attached to the AC]. Petititioner has had to suffer pain, suffering, mental anguish and trauma as a direct result of Defendants actions, denials, retaliation and lack of relief.

2. Defense motions to dismiss under FRCP Rule [12b(6) and (1)] both fail as this is live controversy that needs relief and any delays will cause irreparable harm leaving monetory damages and declaratory relief as the sole remedies at law. Petitioner pleads that this Court disregard Defense delay tactics, procedural games and potential sanction Defendants and Defense counsel [Shevlin] under FRCP Rule 11 as a result of overt and covert tactics to deny justice [see Williams v. Annucci, 2018 - 2nd Circuit].

3. Defendants are liable under RLUIPA [which mandates only a strict scrutiny analysis] and as Petitioner has shown that his core and religious beliefs are sincere, therefore Defendants forcing Petitioner to lie [provide untrue facts, openly discuss sexually offending behavior that led to conviction/ incarceration - as corroborated by PSI, Documents by NY Court of Appeals, and NY County Supreme Court which are available with Defendants, and an Evidentiary Hearing/Oral Arguments/Testimony can prove the same if deemed necessary] is 100% a substantial burden. Despite the Government/Defendants

having compelling interest in the SOCTP program forcing Petitioner to lie
to get benefits [liberty interests that will impact Good Time, SORA, SOMTA,
Parole Conditions] out of a mandatory, federally funded program, can never
pass the least restrictive means test, thus making Defendants liable under
RLUIPA [see RLUIPA standard of review - Holt v. Hobbs, 2015 US Supreme Court,
and Williams v. Annucci, 2018 2nd Circuit].
Further [see Amended Complaint] Petitioner has presented compelling facts,
arguments and jurisprudence that RLUIPA allows State Government employees
liable for monetary damages in their individual capacity [see US Supreme
Court and 2nd Circuit Tanzin/Tanvir decisions holding Federal employees
liable under RFRA/sister statute to RLUIPA for monetary damages in thier
individual capacity using the sovereign immunity doctrine and its applicat-
ion] under both the spending and comerce clause imprimaturs. This Court
needs to rule on this despite the questions of constitutional avoidance
and the weak/incomplete ruling of the 2nd Circuit [Washington v. Gonyea,
2013] and the 6th Circuit [Haight v. Thomspson, 2014], in light of the
Tanzin RFRA cases.
Once Defendants are held liable under RLUIPA, qualified immunity doctrine
fails and cannot be a shield for government employees acts in thier personal/
individual capacity. See Sabir v. Williams, June 17th 2022 [2022 WL 2163439]
2nd Circuit. No shield specially like qualified immunity can and should
protect these Defendants in their individual capacity from monetary damages,
due to their personal involvement, personal knwoledge, 100% knowing that
forcing Petitioner to lie is wrong, illegal and unconstitution, as can be
ascertained by any reasonable person.
4. Due process both procedural and substantive are invoked specially for
Defendants [Brotz/Mcllister/McKoy/Annucci] who wrongly overode petitioner
to moderate-risk SOCTP instead of low-risk SOCTP, as SOCTP program has huge
implications on Petitioner's liberty interests [SORA, SOMTA, Parole Conditi-
ons, Good Time] and the facts, application and final determination is
wrong, discriminatory, lack of due process as Petitioner has unequivocally
demonstrated in the amended complaint with exhibits and this response.
5. 14th Amendment Equal protection under strict scrutiny/intermediate scrutiny
is trigerred as Defendants [specially Feuz/Reid/Wood/Burnett] discriminated
directly towards Petitioner's Hinduism beliefs comparing them to other
religions [see Material Facts in this Response], thus a core religious
right being pitted against others on the basis of religion, making these
Defendants liable.

6. Petitioner 's 1st Amendment Claims [religious] have to looked at with strict scrutiny analysis [see US Supreme Court Fulton -2021] and US Supreme Cases on religious liberty decided in this term [ending June 2022] including Ramirez v Collier; Shurtleff v. Boston; Carson v. Makin; and Kennedy v. Bremerton School District. Petitioner also believes that based on Justice Thomas's opinion [in New York State Rifle & Pistol Association Inc. v. Bruen, 2022 WL 2251305 decided June 23rd, 2022] on enumerated rights that are specified in the Constitution [like the 1st Ameendment Right on Freedom of Religion] have a higher threshold as compared to unenumerated rights like abortion [abrogation of Roe v. Wade], thus Turner v. Safely [1987] type balancing should either be discarded, or even abrogated, even in Prison settings, potentially using strict scrutiny like for RLUIPA.

7. Conspiracy Claims [RICO, §1983 and §1985] are valid and applicable in this case [even if it is intraorganization] as the facts, jurisprudence in both the amended complaint and this Response. Defendants [Brotz/Mcallister/McKoy] for forcing to lie/overide and Fishkill CF [Feuz/Reid/Wood/Burnett/McKoy] enaged ina conspiracy to deny Petitioner's his coinstitutional rights, where by Petitioner [his family] underwent monetory losses, satisfies the thresholds of the conspiracy claim.

8. False Claims are specific to Defendants [Brotz/Mcallister/McKoy] who all directly fabricated the overide criteria [unsigned/unapproved] and used it to wrongly overide Petitioner [to moderate risk] due to which Petitioner and his family [business] underwent monetory losses, meets the needs of the FCA, making these Defendants liable.

9. In conclusion, Petitioner pleads for this Court to allow this move forward into Discovery and Trial, whereby Petitioner case/arguments will only get stronger, as he seeks justice under the law. Defense arguments are frivoloius lack merit and reek of nefarious tactics designed to frustrate and deny justice. This Court has an opportunity to define the boudaries of religious rights in the context of sex-offendre programs [see Robinson v. Superintendent Houtzdale, SCI, 2017 3rd Circuit], and ensure that Governments donot carte blanche authority to force partcipants to lie, despite compelling interest. Petitioner further plaeds for consideration as he is ProSe, not a lawyer and illegally incarerated and religiously persecuted by The State of New York and State Actors acting under the Color of Law.

## CONCLUSION

Petitioner pleads to the Court to Order Discovery, dismiss Defense Motion, grant injunctive relief, deny qualified immunity, hold Defendants liable for monetory damages in their individual capacity [under RLUIPA's spending and commerce clause primatur's] as this case gets ready for a public jury trial, to hold perpetrators accountable. All Defendants [except Cuomo/Hochul/Stanford and Harrigton and The State of New York] had personal knowledge, personal involvement amnd satify scienter [knew what they were doing was wrong and still continued with the harm, instead of stopping and preventing it].

In the event that this Court grants Defense motion, Petitioner pleads for this Court to create the conditions to take his case to the 2nd Circuit defining religious rights in the context of sex-offender programs, and whether government can force partcipants to lie [provide untrue facts and admit to sexually offending behavior, specially when it is a lie].

Petitioner affirms and attests that all the content of his Response are true and correct, to the best of his knowledge under penalty of perjury.

Petitioner pleads for evidentiary hearings, oral arguments and testimony under oath [Arnold J Levine who authored the letter to NYS Court of Appeals attached to amended complaint as Exhibit  A-5 on the basis of Mette Risdal's text msgs in his possession from Ciurt records] that will prove 100% that the PSI is wrong and Petitioner version of events is correct, and thus Defense [who has these documents too] is 100% forcing Petitioner to lie in violation of his core and sincerely held religious beliefs [protected by the US Constitution and RLUIPA].

Respectfully Submitted,

_____

Sanjay Tripathy;              Date: Wednesday, July 6th, 2022
ProSe Petitioner/Plaintiff

An innocent man illegally incarcerated [1518 days & counting] and religiously persecuted, wrongly retaliated by The State of New York and State Actors acting under the Color of Law;



Burns Ct, (Middle... )
O Box 340, Collins,
NY 14034-0340,
Cref #21-cv-05349-VB)
mailed - 7/6/2022

COLLINS          NEOPOST
07/07/2022
$002.85⁰
ZIP 14034
041M11455115

NEOPOST
07/07/2022
$000.11
ZIP 14034
041M11455115

To Pro Se Intake Unit - SDNY
[Attn: Clerk/Hon. Vincent L. Briccetti, USDJ],
US Courthouse, 300 Quarropas Street,
White Plains, NY 10601

RECEIVED
U.S.D.C.
W.P.