UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SANJAY TRIPATHY,                                    :
                   Plaintiff,                          :
v.                                                  :
                                               :
MARIA FEUZ; JACQUELINE REID; LUIS             :    **OPINION AND ORDER**
GONZALEZ; JOHN WOOD; EDWARD                    :
BURNETT; JEFF MCKOY; TINA M.                   :    21 CV 5349 (VB)
STANFORD; MICHELLE HARRINGTON;                 :
KATHY HOCHUL; RYAN BROTZ; BRIAN                :
MCCALLISTER; and ANTHONY ANNUCCI,             :
                    Defendants.                     :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Sanjay Tripathy, proceeding pro se (but not in forma pauperis), brings claims

under 42 U.S.C. §§ 1983 and 1985; the Religious Land Use and Institutionalized Persons Act

("RLUIPA"), 42 U.S.C. § 2000cc; the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1961; and the False Claims Act ("FCA"), 31 U.S.C. § 3730, against (i)

New York State Governor Kathy Hochul, Tina Stanford, Chair of the New York State Board of

Parole, and Michelle Harrington, Chair of the New York State Board of Examiners of Sex

Offenders (collectively, the "Albany Defendants"); (ii) Anthony Annucci, Acting Commissioner

of the New York State Department of Corrections and Community Supervision ("DOCCS"), Jeff

McKoy, DOCCS Deputy Commissioner of Programs, and Brian McCallister, Director of the

DOCCS Sex Offender Counseling and Treatment Program (collectively, the "DOCCS

Defendants"); (iii) Maria Feuz, a social worker at Fishkill Correctional Facility ("Fishkill")

("SW Feuz"), Jacqueline Reid, Fishkill Sex Offender Rehabilitation Counselor ("SORC Reid"),

Luis Gonzalez, Fishkill Assistant Deputy Superintendent of Program, John Wood, Fishkill

Deputy Superintendent of Programs, and Fishkill Superintendent Edward Burnett (collectively,

the "Fishkill Defendants"); and (iv) Dr. Ryan Brotz, the SOCTP psychologist for Collins

Correctional Facility ("Collins").

Plaintiff, who was previously incarcerated at Fishkill and is currently incarcerated at

Collins, alleges his statutory and constitutional rights are being violated due to his participation

in a sex offender treatment program administered at Collins, and the retaliation he has endured at

Collins for complaining about the program.

Before the Court is defendants' motion to dismiss plaintiff's claims against the Fishkill

Defendants under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for

failure to state a claim.  Defendants also move to dismiss the remaining claims in this action

under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer those claims to the U.S.

District Court for the Western District of New York or the U.S. District Court for the Northern

District of New York under 28 U.S.C. § 1406.  (Doc. #55).

For the reasons set forth below, the motion to dismiss as to the Fishkill Defendants is

GRANTED, the motion to dismiss for improper venue is DENIED, and the motion to transfer

the remaining claims in this action to the U.S. District Court for the Western District of New

York is GRANTED.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the amended complaint[1] and draws all reasonable inferences in

plaintiff's favor as summarized below.

---

[1]     In his opposition to the motion to dismiss (Doc. #60 ("Pl. Opp.")), plaintiff included
several new allegations and attached several exhibits that were not attached to the amended
complaint (Doc. #52 ("Am. Compl.")).  Because plaintiff is proceeding pro se, the Court will
consider both the new allegations in plaintiff's opposition and the exhibits attached to the

I.     Factual History

On May 30, 2018, a jury convicted plaintiff of criminal sexual act in the first degree, sexual abuse in the first degree, and related offenses in New York State Supreme Court, New York County, and the court thereafter sentenced him to seven years' imprisonment.  His conviction was affirmed on appeal.  Plaintiff maintains he is innocent of all charges.

From January 21 to October 19, 2021, plaintiff was incarcerated at Fishkill, located in Dutchess County.  On October 19, 2021, plaintiff was transferred to Collins, located in Erie County.  Plaintiff remains incarcerated at Collins.

Plaintiff is a practicing Hindu.  He alleges it is a fundamental tenet of Hinduism that one must not lie.

According to plaintiff, DOCCS requires incarcerated individuals convicted of sex crimes to participate in the sex offender counseling and treatment program, known as SOCTP.  Plaintiff claims successful completion of the SOCTP requires an inmate to admit guilt for the crime for which the inmate was incarcerated.  Because plaintiff maintains he is innocent, he contends the requisite admission amounts to a lie in violation of his Hindu beliefs.  Plaintiff alleges any failure to complete the SOCTP—because of his refusal to participate, dismissal for failing to "lie," or otherwise—may adversely affect his eligibility for good time credit and a lower registration level under the state's sex offender registration act with less onerous parole supervision conditions.

_____

opposition.  See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

On March 17, 2021, while at Fishkill, plaintiff wrote a letter to defendant SW Feuz, a social worker at Fishkill, conveying his faith-based objections to the SOCTP.  (Doc. #52-8 at ECF 2).[2]  In the letter, plaintiff acknowledged he was still on a wait list to participate in the SOCTP and thus had not yet started the program.  He nevertheless sought a guarantee from Fishkill that, once the SOCTP became available for him, he would not be compelled to lie.

Plaintiff alleges that on March 24, 2021, he met with SW Feuz and defendant SORC Reid, the coordinator of the SOCTP at Fishkill, to discuss the concerns raised in his March 17 letter.  According to plaintiff, neither defendant offered plaintiff an alternative to being forced to lie while participating in the SOCTP.  Plaintiff contends both defendants instead "mocked [his] Hindusim beliefs," maintained that inmates of other faiths "have had no problems admitting to their crimes/sexually offending behaviors," and then asked plaintiff to "show us where Hinduism says you can't lie."  (Pl. Opp. at ECF 8).

Later on March 24 plaintiff wrote a letter to defendant DOCCS Dep. Comm'r McKoy, expressing his frustration with Fishkill's purported inability to address plaintiff's concerns.  Plaintiff noted he was still on the wait list for the SOCTP, and again emphasized his "goal [was] to raise these issues early to ensure timely resolution, so I am not negatively impacted by them."  (Doc. #52-8 at ECF 6).

Plaintiff alleges he did not begin participating in the SOCTP until December 2021, after he had been transferred to Collins.  Plaintiff is scheduled to complete the SOCTP by October 31, 2022.

According to plaintiff, defendant Dr. Brotz, the psychologist responsible for administering the SOCTP at Collins, has repeatedly infringed on plaintiff's statutory and

---

[2]      "ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

constitutional rights.  Plaintiff alleges Dr. Brotz rejected his pleas to participate in the SOCTP without having to lie.  He also claims Dr. Brotz improperly "overrode" an initial assessment that plaintiff belonged in a "low-risk" tier of the SOCTP and decided the nature of plaintiff's crimes instead warranted placement in the longer, "moderate-risk" tier.  Finally, plaintiff contends Dr. Brotz retaliated against him for objecting to her conduct via letters, grievances, and the instant lawsuit, by charging plaintiff with disciplinary infractions and directing the seizure of his legal papers.

II.      Claims and Relief Sought in the Amended Complaint

Liberally construed, plaintiff asserts claims against all defendants for violations of his rights under the RLUIPA, his free-exercise rights under the First Amendment, and his rights to due process and equal protection under the Fourteenth Amendment, arising out of the lack of accommodation for his Hindu beliefs on lying while participating in the SOCTP.

Plaintiff asserts independent claims under RICO, the FCA, and for violation of his due process rights under the Fourteenth Amendment against the Albany Defendants, the DOCCS Defendants, and Dr. Brotz, arising out of his placement in the moderate-risk tier of the SOCTP instead of the low-risk tier.  Plaintiff brings corollary conspiracy claims under Section 1983, Section 1985, and RICO against the Fishkill Defendants for allegedly colluding with Dr. Brotz, the DOCCS Defendants, and the Albany Defendants to systematically place inmates in longer risk-based tiers in the SOCTP, in order to obtain more federal funding.

Finally, plaintiff asserts a retaliation claim against Dr. Brotz under the First Amendment, arising out of the disciplinary infractions and cell searches plaintiff alleges he endured after he complained about his participation in the SOCTP.

Plaintiff seeks monetary damages, as well as a declaratory judgment that defendants violated his constitutional and statutory rights, and a preliminary injunction (i) "prohibiting Defendants [from] forc[ing] Petitioner [to] provide any false/untrue facts, to complete the requirements of the SOCTP program, while further enjoining Defendants to make any negative recommendations towards" plaintiff's sex offender registration status, and (ii) "prohibit[ing] [the Albany Defendants, the DOCCS Defendants, and Dr. Brotz] [from] forc[ing] him [Petitioner] to participate/complete the moderate-risk SOCTP program, and instead provide a completion certificate after the low-risk SOCTP program." (Am. Compl. at ECF 34).[3] Plaintiff also seeks a permanent injunction "enjoining Defendants not to misuse their authority under the SOCTP Program, SORA, SARA, and SOMTA, while implementing a speedy and binding arbitration process in such matters." (Id.).

___

[3] The Court previously denied plaintiff's requests for preliminary injunctive relief from allegedly being forcing to lie on June 30, 2021 (Doc. #3), September 14, 2021 (Doc. #26), January 12, 2022 (Doc. #37), and March 2, 2022 (Doc. #44). Upon reviewing each request, the Court concluded in each instance that plaintiff provided no facts or arguments demonstrating he (i) was likely to succeed on the merits of his case, or (ii) would suffer irreparable harm if he was not awarded the extraordinary and drastic remedy of preliminary injunctive relief.

Plaintiff raised his allegations regarding his placement in the moderate-risk SOCTP tier for the first time in his motion for a preliminary injunction dated January 3, 2022. (Doc. #35). The Court denied the motion by Order dated January 12, 2022, for the same reasons enumerated above. The Court denied a second request for preliminary injunctive relief regarding plaintiff's SOCTP placement on March 2, 2022. (Doc. #44).

Although the Court declines to address plaintiff's renewed requests for declaratory and injunctive relief in the amended complaint, for the reasons discussed below, the Court notes that the amended complaint does not raise any material facts that were not already raised in plaintiff's prior requests for injunctive relief.

**DISCUSSION**

I.    <u>Motion to Dismiss</u>

    A.    <u>Standard of Review</u>

        1.    <u>Rule 12(b)(1)</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 94 (2d Cir. 2011), <u>aff'd</u>, 567 U.S. 85 (2013). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. <u>Conyers v. Rossides</u>, 558 F.3d 137, 143 (2d Cir. 2009).

"When the Rule 12(b)(1) motion is facial, <u>i.e.</u>, based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden," and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." <u>Carter v. HealthPort Techs., LLC</u>, 822 F.3d 47, 56 (2d Cir. 2016).

In deciding a motion to dismiss under Rule 12(b)(1) at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." <u>Conyers v. Rossides</u>, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." <u>Buday v. N.Y. Yankees P'ship</u>, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should consider the Rule 12(b)(1) challenge first. <u>Rhulen Agency, Inc. v.</u>

Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

       2.     Rule 12(b)(6)

     In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

     To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

     The Court must liberally construe submissions of a pro se litigant and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

B.   Claims Against the Albany Defendants

As an initial matter, plaintiff "concedes" in his opposition to the motion to dismiss that the Albany Defendants "are not personally/directly involved in the controversy" before the Court and thus may be terminated from this action. (Pl. Opp. at ECF 7).

Accordingly, all claims against the Albany Defendants must be dismissed.

C.   Claims Against the Fishkill Defendants

1.   Claims For Declaratory and Injunctive Relief

Defendants argue plaintiff's claims against the Fishkill Defendants for declaratory and injunctive relief under the First Amendment, the Fourteenth Amendment, and the RLUIPA should be dismissed as moot pursuant to Rule 12(b)(1).

The Court agrees.

"[W]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Saleh v. Pastore, 2021 WL 4978574, at *1 (2d Cir. Oct. 27, 2021) (summary order). "The mootness doctrine, like standing, stems from Article III's 'case or controversy' requirement." Etuk v. Slattery, 936 F.2d 1433, 1441 (2d Cir. 1991). "While

standing focuses on the status of the parties when an action is commenced, the mootness doctrine requires that the plaintiffs' claims remain alive throughout the course of the proceedings." Id.

"In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006).

Here, plaintiff's claims against the Fishkill Defendants for declaratory and injunctive relief were mooted upon his transfer from Fishkill to Collins on October 19, 2021. That is, plaintiff concedes he did not begin participating in the SOCTP until after he was transferred to Collins, and that his SOCPT is being administered entirely at Collins. Plaintiff's allegations thus do not permit the inference that the Fishkill Defendants are involved in the administration of plaintiff's SOCTP at Collins in any way, and the Court cannot enjoin the Fishkill Defendants from "forcing" plaintiff to lie, or declare doing so is unconstitutional, in an SOCTP over which Fishkill lacks any control.

Accordingly, plaintiff's claims against the Fishkill Defendants for injunctive and declaratory relief under the First Amendment, the Fourteenth Amendment, and the RLUIPA must be dismissed.

2.    Section 1983 Claims for Damages

Defendants argue plaintiff's claims against the Fishkill Defendants for damages under the First and Fourteenth Amendments must be dismissed pursuant to Rule 12(b)(6) because plaintiff fails state to any such claim as a matter of law.[4]

---

[4]    Plaintiff also asserts claims for damages under the RLUIPA, but the "RLUIPA prohibits both the recovery of money damages from state officers sued in their official capacities and in their individual capacities." Tanvir v. Tanzin, 894 F.3d 449, 465 (2d Cir. 2018), aff'd, 141 S. Ct. 486 (2020) (citation omitted). Accordingly, plaintiff's claims against the Fishkill Defendants for damages under the RLUIPA must be dismissed.

The Court agrees.

        a.      <u>Personal Involvement</u>

To adequately plead a Section 1983 claim for damages, a plaintiff must plausibly allege the "defendant, through the official's own individual actions, has violated the Constitution." <u>Tangreti v. Bachmann</u>, 983 F.3d 609, 618 (2d Cir. 2020) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676). That is, a plaintiff must plead each defendant's personal involvement in each element of each underlying constitutional violation. <u>Id</u>. at 620. "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" <u>Swinson v. City of New York</u>, 2022 WL 142407, at *4 (S.D.N.Y. Jan. 14, 2022) (quoting <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 886 (2d Cir. 1987)).

        b.      <u>Analysis</u>

Here, even a liberal reading of the amended complaint fails to implicate the personal involvement of any of the Fishkill Defendants in any of the constitutional violations discussed above.

Specifically, each of plaintiff's alleged constitutional violations arises out of plaintiff's participation in the SOCTP, which, plaintiff concedes, is taking place at <u>Collins</u> and being administered by <u>Collins</u> personnel. However, plaintiff fails to supply any facts suggesting the <u>Fishkill</u> Defendants had any input in the administration of plaintiff's SOCTP at Collins. To the contrary, the amended complaint reflects that each state correctional facility administers its own SOCTP, overseen by a different Sex Offender Rehabilitation Counselor at the particular facility, and plaintiff himself complained that each facility ran its own "fiefdom" with respect to how it administered the SOCTP, thereby failing to apply DOCCS' SOCTP guidelines uniformly. (Doc. #52-8 at ECF 61).

Thus, even assuming the Fishkill Defendants denied plaintiff's admittedly "early" requests for assurances that he would not have to lie whenever he started the SOCTP—as plaintiff alleges—the Fishkill Defendants' responses amounted to no more than advisory opinions on DOCCS or Fishkill policy regarding the SOCTP.  Plaintiff never participated in the SOCTP at Fishkill, and therefore, was not "forced" to make any statements or participate in the SOCTP in any particular manner by the Fishkill Defendants.

Accordingly, plaintiff's claims against the Fishkill Defendants for damages under the First and Fourteenth Amendments must be dismissed.

        3.    <u>Conspiracy Claims</u>

Defendants argue plaintiff's conspiracy claims against the Fishkill Defendants under Section 1983, Section 1985, and RICO must also be dismissed because plaintiff fails plausibly to allege an agreement between any of the Fishkill Defendants and any of the other defendants.

The Court agrees.

        a.    <u>Legal Standards</u>

To state a conspiracy claim under Section 1983, a plaintiff must plausibly allege "(1) an agreement between [two or more state actors or] a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324–25 (2d Cir. 2002).

To state a conspiracy claim under Section 1985, a plaintiff must plausibly allege the same elements as a Section 1983 conspiracy claim, except the unconstitutional injury must be "depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."  <u>Iqbal v. Hasty</u>, 490 F.3d 143, 176 (2d Cir. 2007), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

To state a RICO conspiracy under 18 U.S.C. § 1962(d), a plaintiff must plausibly allege the defendant "knew about and agreed to facilitate" a pattern of racketeering activity.  Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003).  "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement."  Hecht v. Com. Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990).

b.   Analysis

Here, plaintiff fails to supply any factual support for his allegation that the Fishkill Defendants conspired with any of the remaining defendants to commit any statutory or constitutional injury.

Specifically, plaintiff does not offer any facts suggesting the Fishkill Defendants were ever aware of the actions Dr. Brotz took, or would take, with respect to plaintiff's placement in the Collins SOCTP, much less that the Fishkill Defendants agreed to or participated in Dr. Brotz's override decision.  To the contrary, plaintiff's own characterization of DOCCS facilities as disparate, independent "fiefdoms" only further undermines the possibility of a "meeting of the minds" between the Fishkill Defendants and any of the remaining defendants regarding plaintiff's or any other inmate's placement in the SOCTP.

Accordingly, plaintiff's conspiracy claims against the Fishkill Defendants under Section 1983, Section 1985, and RICO must be dismissed.

II.   Motion to Transfer Remaining Claims Against the Remaining Defendants

Defendants argue that if the Court grants the motion to dismiss plaintiff's claims against the Fishkill Defendants, the Court should then either dismiss the case for improper venue under Rule 12(b)(3) or transfer the case to the Western District of New York or the Northern District of

13

New York under 28 U.S.C. § 1406(a).

The Court agrees this case should be transferred to the Western District of New York

under either Section 1406(a) or 28 U.S.C. § 1404(a).[5]

A.     Legal Standards

1.     Rule 12(b)(3) and Section 1406(a)

When deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court may rely

on materials outside of the pleadings.  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir.

2005).  But when the Court does not conduct an evidentiary hearing on the motion and makes a

venue determination on the basis of pleadings and affidavits, the plaintiff must only make

a prima facie showing of venue.  Id.  The Court "must take all allegations in the complaint as

true, unless contradicted by the defendants' affidavits."  U.S. E .P.A. ex rel. McKeown v. Port

Authority of N.Y. & N.J., 162 F.Supp.2d 173, 183 (S.D.N.Y.2001).  The Court draws all

reasonable inferences and resolves all factual conflicts in favor of plaintiff.  See, e.g., Jackson v.

Am. Brokers Conduit, 2010 WL 2034508, at *1 (S.D.N.Y. May 13, 2010).  It is the plaintiff's

burden to show venue is proper in the forum district.  Gulf Ins. Co. v. Glasbrenner, 417 F.3d at

355.

When a case has been brought in an improper district, the Court may transfer the case "to

any district or division in which it could have been brought" if transfer is "in the interest of

justice."  28 U.S.C. § 1406(a).  "Courts enjoy considerable discretion in deciding whether to

transfer a case in the interest of justice."  Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408,

---

[5]     Defendants did not affirmatively invoke Section 1404 (a) in their motion.  However, a "district court may sua sponte transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice."  Lehrer v. J&M Monitoring, Inc., 2022 WL 2392441, at *5 (S.D.N.Y. July 1, 2022) (collecting cases).

435 (2d Cir. 2005).

       2.     Section 1404(a)

If, instead, the Court finds venue is <u>proper</u>, it may still transfer the action "for the convenience of parties and witnesses" under Section 1404(a).

A plaintiff's choice of venue is "entitled to substantial consideration" under Section 1404(a). <u>Warrick v. Gen. Elec. Co.</u>, 70 F.3d 736, 741 (2d Cir. 1995). Thus, "[i]t is the movant's burden to show that transfer is appropriate by clear and convincing evidence." <u>Hack v. Stang</u>, 2014 WL 4652596, at *6 (S.D.N.Y. Sept. 18, 2014) (citing <u>N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.</u>, 599 F.3d 102, 113–14 (2d Cir. 2010)).

    B.    <u>Analysis</u>

       1.     <u>Venue and Dismissal under Rule 12(b)(3)</u>

Defendants argue in the first instance that once plaintiff's claims against the Fishkill Defendants are dismissed, the case should be dismissed under Rule 12(b)(3) because venue is no longer proper in the U.S. District Court for the Southern District of New York.

The Court declines to address this issue, however, because even if venue is no longer proper in this district, the interests of justice and judicial economy weigh strongly in favor of transferring this case to either the Western or the Northern District of New York, as opposed to dismissing the case under Rule 12(b)(3).

Indeed, outright dismissal would only further prolong this litigation—which is now more than a year old—by, among other things, forcing plaintiff to re-serve his summons and complaint in the new forum, a process that took several months for plaintiff to complete in the first place. (<u>See</u>, <u>e.g.</u>, Doc. #33).

Conversely, transferring this action to either the Western or the Northern District of New

York—each of which is, indisputably, a proper venue in which it could have been brought—would avoid such duplication of resources and ensure a speedier resolution of the remaining defendants' motion to dismiss.

Accordingly, defendants' motion to dismiss under Rule 12(b)(3) must be denied.

        2.       Transfer under Sections 1404(a) or 1406(a)

The Court concludes this case should be transferred to the Western District of New York.

"Absent consent, a motion to transfer venue requires a two-part inquiry:  first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." Mohsen v. Morgan Stanley & Co. Inc., 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013).

In determining whether transfer is appropriate, courts ordinarily consider the following factors:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

Keitt v. New York City, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011) (adopting magistrate judge's report and recommendation).  Although the plaintiff's choice of forum is entitled to deference, as discussed above, "courts' reliance upon [a] plaintiff's choice diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum." Greenwood Partners v. New Frontier Media Inc., 2000 WL 278086, at *2 (S.D.N.Y. Mar. 14, 2000).  Under such circumstances, "the most significant factor to be considered by this

Court, in its exercise of discretion, is the convenience of the party and nonparty witnesses."
Nieves v. Am. Airlines, 700 F. Supp. 769, 772 (S.D.N.Y. 1988).

Here, the parties do not dispute that this action, as alleged in the amended complaint, could have been brought in the Western District New York.

In addition, defendants have sufficiently shown that all the transfer factors—except for plaintiff's choice of venue—are either neutral or weigh in favor of transferring the action to the Western District of New York.  In particular, the locus of operative facts underlying this action is Collins, which is located in the Western District of New York.  Moreover, the key remaining witnesses in this case—including Dr. Brotz, whom plaintiff describes as the "Queen of the SOCTP," and Dr. Brotz's subordinates, whom plaintiff describes as Dr. Brotz's "stooges"—all work at Collins.  (Pl. Opp. at 17–18).  Finally, any documents evidencing the rationale behind Dr. Brotz's SOCTP placement decision or her alleged retaliation against plaintiff would likely be found at Collins.  In light of the totality of these circumstances, it is most efficient and in the interest of justice for plaintiff's claims to be heard by U.S. District Court for the Western District of New York.

Conversely, although plaintiff could also have brought this action in the Northern District of New York—where the DOCCS Defendants work— the balance of transfer factors do not weigh as decisively in favor of transfer to the Northern District.  This is because the DOCCS Defendants' roles in plaintiff's injuries are generally limited to allegedly providing supervisory cover for or turning a blind eye to Dr. Brotz's actions at Collins.  The convenience of the parties and witnesses would thus continue to weigh in favor of litigating this case in the Western District of New York.

Accordingly, this action should be transferred to the U.S. District Court for the Western

District of New York.

III.   <u>Leave to Amend</u>

Rule 15(a)(2) instructs courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to <u>pro se</u> litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  <u>Matima v. Celli</u>, 228 F.3d 68, 81 (2d Cir. 2000).  Courts "should not dismiss [a <u>pro se</u> complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication a valid claim might be stated."  <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).  But "a futile request to replead should be denied."  <u>Id</u>.  Moreover, a "[p]laintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend."  <u>Jeanty v. Newburgh Beacon Bus Corp.</u>, 2018 WL 6047832, at *12 (S.D.N.Y. Nov. 19, 2018).

Here, on April 26, 2022, the Court granted plaintiff leave to amend his original complaint to address any deficiencies made apparent by the fully briefed arguments in the Fishkill Defendants' motion to dismiss plaintiff's original complaint.  (Doc. #50).  The Fishkill Defendants then moved to dismiss the amended complaint on largely the same grounds as their motion to dismiss the original complaint.  The amended complaint thus failed to address the deficiencies made apparent by the Fishkill Defendants' initial motion to dismiss.

Accordingly, further opportunity to amend would be futile, and the Court declines to grant plaintiff leave to amend a second time.

## CONCLUSION

The motion to dismiss under Rule 12(b)(1) is GRANTED as to plaintiff's claims for declaratory and injunctive relief against the Fishkill Defendants.

The motion to dismiss under Rule 12(b)(6) is GRANTED as to the Fishkill Defendants and the Albany Defendants.

The motion to dismiss under Rule 12(b)(3) is DENIED.

The motion to transfer this action as against Dr. Ryan Brotz and the DOCCS Defendants is GRANTED.

All claims against the Fishkill Defendants and the Albany Defendants are dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to terminate from this action defendants Maria Feuz, Jacqueline Reid, Luis Gonzalez, John Wood, Edward Burnett, Kathy Hochul, Tina Stanford, and Michelle Harrington.

The Clerk is further directed to transfer this action to the U.S. District Court for the Western District of New York and terminate the motion.  (Doc. #55).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated:  October 24, 2022
        White Plains, NY                    SO ORDERED:


                                            _____
                                            Vincent L. Briccetti
                                            United States District Judge