## **COVER LETTER**

To: WDNY; 2120 US Courthouse, 100 State Street, Rochester, NY 14614;

Attn: Clerk for **HON. Frank P. Gerachi, Jr.,**, US District Judge;

Cc: NYS Office of the AG, 144 Exchange Boulevard, Suite 200, Rochester, NY 14614;  Attn: **Heather L. McKay**, Assistant AG (via CM/ECF);

From: **Sanjay Tripathy** (ProSe Petitioner/Plaintiff);

sanjay.tripathy@gmail.com; +1-859-380-1515;

Date: Friday, March 24th, 2023

Subject:  **Case # 22-cv-06469-FPG; Petitioner's Response to Defense Motion to Dismiss (Memorandum of Law; Affidavit in Support; Statement of Material Facts - Genuine Issue for Trial);**

Petitioner files his response (timely) to Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); and encloses the following (as a single document) to this cover letter -

1. Memorandum of Law;
2. Affidavit in Support;
3. Statement of Material Facts - Genuine Issue for Trial;
4. Certificate of Service;

Petitioner pleads for the Court to deny Defense motion to dismiss, Order parties into discovery, so they can prepare for a Jury Trial.

.Respectfully Submitted,

*/s/ Sanjay Tripathy*

Sanjay Tripathy

ProSe Petitioner/Plaintiff

sanjay.tripathy@gmail.com

+1-859-380-1515

<u>An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;</u>

<u>Petitioner Response - #22-cv-06469-FPG</u>

# <u>TABLE OF CONTENTS</u>

| Description | Page #s |
|---|---|
| Cover Letter | 1 |
| Table of Contents | 3 |
| Table of Authorities | 4 |
| Memorandum of Law | 6 |
| Notice of Motion | 6 |
| Preliminary Statement | 6 |
| Relevant Facts | 11 |
| Summary of Argument | 12 |
| Standard of Review | 14 |
| Argument | 15 |
| Conclusion | 28 |
| Affidavit | 29 |
| Statement of Material Facts - Genuine Issues for Trial | 34 |
| Certificate of Service | 36 |

# TABLE OF AUTHORITIES

| Constitution/Statutes/Cases | Page #s |
|---|---|
| RLUIPA (42 U.S.C. § 2000cc et seq.) | Passim |
| RFRA (42 U.S.C. § 2000bb et seq.) | Passim |
| First Amendment (Free Exercise Clause) | Passim |
| Spending Clause | Passim |
| Commerce Clause | Passim |
| 42 U.S.C. §1983 - Civil Rights Action | Passim |
| Fourteenth Amendment (Due Process & Equal Protection Clause) | Passim |
| Conspiracy - §1983 §1985 | Passim |
| Federal Rules of Civil Procedure 12(b)(1) | Passim |
| Federal Rules of Civil Procedure 12(b)(6) | Passim |
| Shurtleff v. Boston, 2022 US Supreme Court | Passim |
| Carson v. Makin, 2022 US Supreme Court | Passim |
| Kennedy v. Bremerton School District, 2022 US Supreme Court | Passim |
| New York Rifle & Pistol Association v. Bruen, 2022 US Supreme Court | Passim |
| Ashcroft v. Iqbal, 2009 US Supreme Court | 14 |
| Robinson v. Superintendent Houtzdale SCI, 2017 3rd Circuit | 15 |
| Holt v. Hobbs, 2015 US Supreme Court | 16 |

| | |
|---|---|
| Ramirez v. Collier, 2022 US Supreme Court | 16 |
| Williams v. Annucci, 2018 2nd Circuit | 17 |
| Turner v. Safley, 1987 US Supreme Court | 17 |
| Tanzin v. Tanvir, 2020 US Supreme Court | 18 |
| Tanvir v. Tanzin, 2018 2nd Circuit | 18 |
| Haight v. Thompson, 2014 6th Circuit | 18 |
| Washington v. Gonyea, 2013 2nd Circuit | 18 |
| Tripathy v. McClowski, 2023 2nd Circuit (#23-269 - ongoing) | 18 |
| Landor v. Louisiana DOC, 2022 5th Circuit (#22-30686 - ongoing) | 18 |
| Walker v. Baldwin, 2022 7th Circuit (#22-2342 - ongoing) | 18 |
| Sabir v. Williams, 2022 2nd Circuit | 25 |

_____

## <u>MEMORANDUM OF LAW</u>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                 Plaintiff,                 RESPONSE TO MOTION

    -vs-                           **<u>22-cv-06469-FPG</u>**

JEFF MCKOY, et. al.,
                 Defendants.
_____

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that upon pleadings in this action, all prior proceedings (including but not limited to SDNY Case #21-cv-05349-VB), all accompanying exhibits, letters, responses (dated 7/6/2022), original and amended complaint ("AC"), Petitioner SANJAY TRIPATHY ("Plaintiff"), moves this Court to deny Defendants motion to dismiss, so the parties can proceed with discovery and prepare for a jury trial.

## <u>PRELIMINARY STATEMENT</u>

     Petitioner respectfully submits his response in opposition to Defense Motion to dismiss. Petitioner was convicted as a sex-offender on May 30th, 2018 (Indictment #2720-2016; New York County Supreme Court) after a Jury Trial, where he took the stand and testified (undisputed). Petitioner has always maintained his innocence and knows that Perjury (indisputable) by the complainant, and numerous other major unconstitutional acts led to his

wrongful and illegal conviction. Long before the trial there existed documents (indisputable) in the Court file (and with the DA) that proved Petitioner (version of events) correct and the Complainant (version of events) wrong, but the DA not only suppressed this evidence (indisputable), but also suborned Perjury (indisputable). Thus, these documents were unavailable to the Petitioner (his attorneys) before/during/after trial and sentencing. These (suppressed) documents were discovered only after Petitioner was incarcerated, and were subsequently used by his post-conviction attorneys to pursue exoneration (of all criminal charges), which was granted after the New York County Supreme Court vacated his conviction, and Petitioner was released on 11/22/2022.  It should be noted that the primary basis of Petitioner's exoneration were the contents of these documents (indisputable) which were illegally suppressed by the DA. These documents were attached (to the Amended Complaint - AC as Exhibit A-4 and A-5), and provided (previously upon explicit request of Defendant Brotz) by Petitioner's attorneys, which unequivocally demonstrate Petitioner's PSI Report (AC Exhibit A-1) and sentencing minutes (AC Exhibit A-3), which the Defendants solely relied upon (for facts in his criminal case and use in the SOCTP program; for perpetrating unconstitutional acts described in this complaint) was wrong, suspect and unreliable. Despite having these Court (certified) documents (not just Petitioner's word as has been professed by Defense), Defendants continued to rely upon them (refused relief) to perpetrate their unconstitutional acts.

Petitioner did not challenge his participation (undisputed) in the Sex-Offender (SOCTP) program, due to his conviction, nor did he ask Defendants to blindly believe his innocence (and his version of facts). Thus, this lawsuit is not about DOCCS compelling interest in ensuring Petitioner

completes the SOCTP program, but is about the unconstitutional acts and substantial burden perpetrated by Defendants during his participation (indisputable). Defendants are not dictators, nor do they have carte-blanche authority, despite having compelling interest (in SOCTP completion) to do anything they want during the SOCTP program, and above all have zero compelling interest in forcing lies, untruths, and Perjury onto Petitioner, thus their contrary actions must not be condoned. Defendants also wrongly overrode Petitioner to the moderate risk SOCTP program (see AC Exhibit C-2, D, E, G, H I, J, K and Response Exhibit B) based on wrong facts, wrong use of criteria, contrary to Expert opinion, in pure self-interest, as has been demonstrated in this complaint with documentary proof. Defendants, retaliated in a series of incidents (see AC Exhibit F-1, F-2, F-3, F-4 and Response Exhibit A-1, A-2) which goes beyond what is considered "normal" in prison, and must be looked at holistically as systemic, a pattern, with malice and an intent to harm Petitioner and his interests, while he was in the SOCTP program.

Petitioner's complaint primarily raise(s) the following issues - (1) did Defendants force, coerce, push  and influence Petitioner to provide untrue facts (including discuss behaviors that did not occur) that led to his criminal conviction; (2) did the Defendants (based on wrong and untrue facts; wrong use of criteria; against Expert opinion; in pure self-interest) override Petitioner to the moderate risk Sex-Offender (SOCTP) program; and (3) did the Defendants retaliate (in a pattern; with no justification; vindictively and with malice to perpetrate harm) towards Petitioner during the Sex-Offender (SOCTP) program. The answer to all these issues is unequivocally yes, as has been demonstrated by the Petitioner with documentary proof (see SDNY #21-cv-05349-VB - Amended Complaint "AC" with Exhibits and

Petitioner's Response with Exhibits dated 7/6/2022). It is widely accepted that injunctive relief may be unavailable after Petitioner's release, but declaratory relief and monetary damages relief are still available as remedies, for the unconstitutional acts perpetrated by the Defendants. Legal cause(s) of action include Defendants in both their official and individual capacity - ***§1983/First Amendment - Free Exercise Clause, RLUIPA***, ***Due Process***, ***Equal Protection***, ***Conspiracy - §1983 and §1985*** to deprive petitioner of his rights. Petitioner has been released from prison after his exoneration, but the harm and unconstitutional acts described in this complaint directly relates to Defendants actions (or lack of) primarily during the SOCTP program, thus cognizable at this stage of the pleading. Factors like Qualified Immunity, do not apply, as there cannot be compelling interest for Defendants to force Petitioner to lie, provide untrue facts and discuss behavior(s) that did not happen. Defendants may not have known that Petitioner will reverse his conviction, but knew in Black and White (via Court documents) that the set of facts they relied upon (PSI and Sentencing Minutes; see AC Exhibit A-1 and A-3) were proven wrong and suspect by other Court documents (see AC Exhibit A-4, A-5 available with Defendants). Despite knowing these facts, Defendants continued to coerce Petitioner (as is shown unequivocally by their written and verbal communications, SOCTP progress reports and behavior contract; see AC Exhibit J-1, J-2, J-3 and Response Exhibit A-1, B-1, B-2, B-3) to lie and provide untrue facts. Defendants cannot escape liability, including individual liability, by saying - they were not aware, or made a mistake, or had compelling interest in forcing Petitioner to commit Perjury, and in substantially burdening his religious beliefs, thus are not protected by qualified immunity (which does not protect egregious and brazen acts committed knowingly with an intent to

harm). Further, Defendant's action directly resulted in a substantial burden towards Petitioner's core and sincerely held religious beliefs, while Defendants had no (cannot have) compelling interest to force Petitioner to lie, and provide untrue facts. Defendants were (repeatedly) asked for relief which they denied. ***RLUIPA, §1983 First Amendment,*** allows for individual capacity damages (Note - ***RLUIPA*** Individual Capacity Damages were allowed to proceed on 2/22/2023 Order #148 by SDNY, Case #21-cv-06584-CS *Tripathy v McClowski et.al*, by US District Judge HON. Cathy Seibel, primarily a ***RLUIPA*** Case for Religious Rights, currently in Discovery) and therefore even if injunctive relief may be unavailable, this lawsuit should proceed so as to hold Defendants accountable, with declaratory relief and monetary damages as available remedies.

This complaint raises multiple issues of fact which must be resolved only via a Jury Trial, and Petitioner as the non-movant must be given the benefits at this stage of the litigation, thus Petitioner pleads for this Court to deny Defense Motion to dismiss, as Petitioner's (AC, Response dated 7/6/2022 and this Response dated 3/24/2023) raises plausible and credible facts, allegations (with documents, affidavits) for a genuine claim against the Defendants, who are sued both under their official and individual capacity. Further, Petitioner pleads that the Court Order parties to commence Discovery and prepare for a Jury Trial. Petitioner further pleads that this Court consider his request for an *evidentiary hearing and oral arguments*, in the event the Court feels it necessary in the interests of judicial efficiency, to deny Defense motion. As the Court is aware Petitioner, is ProSe, neither a lawyer, nor trained in the law, thus pleads for procedural leniency, as he is up against the vast resources of The State of New York, whose employees directly engaged in unconstitutional acts, under the Color of Law. The State

of New York and its employees not only illegally incarcerated him (not directly part of this controversy but relevant due to Court documents pertinent to this lawsuit) but also engaged in unconstitutional acts that denied Petitioner his constitutional and statutory rights (numerous other cases in this Court, SDNY, and Appeals in 2nd Circuit), guaranteed under the United States and New York State Constitutions. Petitioner fully intends to pursue all available legal remedies, under the law to hold Defendants accountable.

## **RELEVANT FACTS**

Petitioner was convicted of a sex-offense and participation, successful completion of the mandatory DOCCS sex-offender (SOCTP) program, which was a requirement to get major benefits including good time credits, lower and less onerous conditions for **SORA**, **SOMTA**, Parole Conditions in line with **Corrections Law**, **Penal Law**.

Petitioner has always and consistently maintained his innocence of all charged crimes, the alleged conduct, and the events that led to his conviction. Petitioner testified at his trial, but was wrongfully and illegally convicted due to major unconstitutional acts, including Perjury by the complainant. Much before Petitioner's trial the DA, Trial Court possessed documents (from the underlying evidence) that proved that Petitioner was innocent (including his version of facts) and the complainant committed Perjury. These Court (certified) documents (see AC Exhibit A-4 and A-5) which proved that the PSI (AC Exhibit A-1) and the sentencing minutes (AC Exhibit A-3) were proved wrong and unreliable were made available to the Defendants (upon their request). This unequivocally demonstrated that Defendant's reliance on the PSI and sentencing minutes (to ascertain the

facts of the case, including behaviors that led up to his conviction) was wrong, unreliable and its extensive use (by Defendants) to conduct the program reviews (behavior contract), while forcing Petitioner (repeatedly) to accept untrue facts, behaviors, and engage in falsity, makes them liable. This also substantially burdened Petitioner's core and sincerely held religious beliefs, without compelling interest by the Defendants. Further, Petitioner reversed his conviction, was exonerated and released from prison on 11/22/2022, after 1651 days of illegal captivity, on the basis of the same documents (available with Defendants).

Petitioner has shown (AC and Response) how Defendants wrongly overrode him to moderate-risk SOCTP, despite Expert Opinion (Author Yolanda Fernandez of the risk assessment tools used by Defendants; see AC Exhibit D-1 to D-5, E-1 to E-6, H-22, H-23) in systemic self interest (see AC Exhibit G-1).

Further Defendants retaliated against Petitioner (see AC Exhibit F-1 to F-4 and Response Exhibit A-1, A-2) while he was in the SOCTP program, leading to harassment, intimidation and discrimination.

## SUMMARY OF ARGUMENT

This Court should deny Defense motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as Petitioner has pleaded plausible and credible facts, allegations with documentary proof, affidavit in support and there exists a number of genuine issues of fact that can only be resolved during a trial. At the pleading stage the Court must infer all relevant facts and credit them towards the Petitioner as the non-movant. Therefore, even if injunctive relief may not be available, declaratory relief and monetary damages are still available, due to unconstitutional acts perpetrated by the

Defendants during Petitioner's incarceration and participation in the SOCTP program.

Essentially this case raises issues of *substantial burden on religious rights* (see **_2022 US Supreme Court cases - Shurtleff v. Boston; Carson v. Makin; Kennedy v. Bremerton School District and New York Rifle & Pistol Association v. Bruen_** where the Court said fundamental rights including religious rights enshrined in the Constitution are not second class rights thus cannot be trampled upon, especially by Governments and State Actors), **due process** violations towards Petitioner who was convicted of a sex-offense, was required to undertake a mandatory sex offender program (federally funded invoking **spending clause** and interstate commerce and international commerce impact invoking the **commerce clause** imprimaturs of **RLUIPA**) to get substantial benefits. Despite Petitioner's claims of innocence, he did not challenge his participation and completion of the (SOCTP) program, but made it clear that due to his religious beliefs he was not willing to lie, provide and agree to untrue facts, or discuss behaviors that did not occur.  This case is not about why Petitioner was put in the SOCTP program, or Defendants interest in ensuring Petitioner completed the program, but primarily about Defendants acts (knowingly forcing to lie, provide untrue facts, wrong override and a pattern of retaliation). Petitioner has raised case facts both under the **spending clause** and the **commerce clause** imprimaturs of **RLUIPA**, which allows damages as  a remedy for Defendants in their individual capacity. Once Petitioner has established that Defendants substantially burdened his religious beliefs, by knowingly engaging in egregious conduct, they cannot be protected with a shield of qualified immunity.  Defendants were aware that the facts described in the PSI and sentencing minutes were proven wrong by other Court (certified)

documents (that they possessed), but they continued to rely on them, and repeatedly forced, coerced and influenced Petitioner to accept untrue facts, that was not only wrong, but also substantially burdened his core and sincerely held religious beliefs.  Defendants forcing Petitioner to violate his religious beliefs did not have compelling interest, to complete a mandatory program that receives federal funding, and had no viable alternatives (except Petitioner refusing to participate in the program, which would have resulted in him losing substantial benefits and getting disciplinary infractions).

Further, Defendants wrongly used scientific risk assessment criteria with wrong facts to override Petitioner to the moderate-risk SOCTP, which was not only longer than the low-risk program, but also self-serving. SOCTP Risk Assessment Expert Yolanda Fernandez, who is the author of these programs/tools (Static-99R and Stable 2007) used by DOCCS, disagreed about its wrong and inappropriate application towards Petitioner's override.

Defendants also engaged in numerous acts of retaliation, which when looked at holistically demonstrates a pattern of retaliation, and not just one random event. Petitioner was directly harmed by Defendant's actions, lack of relief, spent longer time in the SOCTP program, was  ridiculed, disparaged, humiliated, and it affected his health and well-being, thus making them liable.

## STANDARD OF REVIEW

This Court reviews motions to dismiss for failure to state a claim **de novo**. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*** (internal citation and

quotation marks omitted). The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."

## ARGUMENT

1. **Petitioner's claims including declaratory relief and damages relief are not moot**, despite his release from prison, as these claims (see Amended Complaint "AC" with Exhibits and Response with Exhibits) are due to unconstitutional acts during his incarceration and participation in the SOCTP program, directly attributable to Defendant's actions (or lack-of) knowingly, in malice and with an intent to harm. Petitioner is aware that injunctive relief may be unavailable due to his release, but his claims of declaratory relief and monetary damages should survive the motion to dismiss, as all plausible and credible facts (with affidavit on Page 29 and facts - genuine issues for trial on Page 34) must go in his favor as the non-movant, despite his exoneration and release from prison.

2. Petitioner via this complaint has not challenged his criminal conviction, or his being subjected to the SOCTP program, which was mandatory for getting substantial benefits. **This case is not about Petitioner having to undergo the program, but about Defendants acts and lack of relief towards Petitioner, when he was incarcerated and part of the program.** Petitioner's request for relief (see AC Exhibit C-1 Document 52-3 Pages 19-26) was not about special treatment during the program, but that he not be forced to lie or provide untrue facts and discuss behaviors that did not occur, where there cannot be any compelling interest (see ***Robinson v. Superintendent Houtzdale SCI, 2017 3rd Circuit***). No Government or State Actors can have a compelling interest

for Petitioner to commit Perjury (lie, provide untrue facts or discuss behaviors that did not happen), and Defendants repeatedly engaging in such conduct making them liable (documentary proof attached - see AC Exhibit J-1, J-2, J-3 Document 52-10 Pages 4, 13, 14, 22 and Response Exhibit A-1 Brotz Memo 5/23/2022, Behavior Contract, Evaluation April 2022, May 2022, B-1, B-2 and B-3 entries - Treatment Plan 6/30/2022, Evaluation April 2022, May 2022, June 2022, Treatment Progress entries 3/21/2022-4/1/2022, 4/4/2022-4/15/2022, 4/25-4/29/2022, 5/10/2022, 5/30-6/1/2022). Petitioner never requested Defendants to trust his word that he was wrongfully convicted, while he demonstrated with  proof via Court documents (see AC Exhibit A-4, A-5 as Documents 52-2 Pages 1-85, and Document 52-3 Pages 1-9) why their reliance on the PSI (AC Exhibit A-1 as Document 52-1 Pages 8-15) and Sentencing Minutes (AC Exhibit A-3 as Document 52-1 Pages 22-58) to ascertain facts (about Petitioner's criminal conduct) was wrong, and unreliable, but Defendants neither acknowledged them, nor modified their reviews as is clearly demonstrated making them liable.

3. **Petitioner's religious beliefs were substantially burdened** (a fact and context specific inquiry under *strict scrutiny*, with constitutional tests including *compelling interest* and *least restrictive means,* none of which have even been attempted by Defendants in their actions, motion or filings) when he was forced to lie and provide untrue facts, discuss behavior that did not occur (see #2 in arguments with references to documents where in Defendants were constantly forcing him, coercing him to lie, agree to untrue facts and discuss behaviors that did not happen) in a mandatory program that received federal funds, subjecting this analysis to strict scrutiny (***Holt v. Hobbs, 2015; Ramirez v. Collier,***

***2022 - US Supreme Court; and Williams v Annucci, 2018 2nd Circuit***)  under which standard Defendants have neither tried (but would have failed) the constitutional tests of compelling interest and least restrictive means, as applicable to ***RLUIPA*** and the ***Free Exercise clause***.   Further, there cannot be any penological interest (or rehabilitation interest) in forcing Petitioner to commit Perjury (not his crimes, but facts around the incident, behaviors that led to the criminal conviction etc.; see AC Exhibit H-3 Document 52-8 Page 10 Letter from McKoy dated 11/15/2021 and C-1 Document 52-2 Pages 19-26) when there existed least restrictive means to achieve the same goals (see AC Exhibit C-1 Document 52-2 Pages 19-26 and H-2 Document 52-8 Pages 6-9). Turner (see ***Turner v. Safley, 1987 US Supreme Court***) factors do not apply here (as there cannot be any penological interest in forcing Petitioner to lie, provide untrue facts, discuss behavior that did not occur) and further under ***RLUIPA*** money damages are available under the ***commerce clause*** (***RLUIPA*** Individual Capacity Damages was allowed to proceed on 2/22/2023 #148 by SDNY, Case #21-cv-06584-CS *Tripathy v McClowski* et.al, by US District Judge HON. Cathy Seibel). Thus at this stage of the pleading, giving Petitioner (the non-movant) the benefit Defendants are cognizable under the ***First Amendment*** and ***RLUIPA***, due to the substantial burden on Petitioner's core and sincerely held religious beliefs. Petitioner via his complaint has raised credible facts implicating both the ***spending clause*** and the ***commerce clause*** (as Petitioner's family had to spend extra money and send him goods, buy him services across state and international lines to alleviate his conditions directly related to the SOCTP program, and Defendants actions), thus money damages are in play as a remedy in

this stage of the controversy. In, ***Tanzin v. Tanvir, 2020 US Supreme Court*** and ***Tanvir v. Tanzin, 2018 2nd Circuit*** rulings under **RFRA** (a sister statute to **RLUIPA** with same history, same language, same protections and above all same intent by Congress to provide "*broad protection of religious exercise to the maximum extent*", and exact same language on "*appropriate relief*" was held to allow monetary damages towards State Actors in their individual capacity, where they are not protected by sovereign immunity). ***Tanzin*** decisions in essence abrogated ***Washington v. Gonyea, 2013 2nd Circuit*** and ***Haight v. Thompson, 2014 6th Circuit*** decisions on **RLUIPA** Individual capacity damages.  It should be noted that there are 3 ongoing cases in US Circuit Courts - ***Tripathy v. McClowski, 2023 2nd Circuit (#23-269)***; ***Landor v. Louisiana DOC, 2022 5th Circuit (#22-30686)*** and ***Walker v. Baldwin, 2022 7th Circuit (#22-2342)***, essentially asking for the same ruling on this issue, making **RLUIPA** Individual liability in line with the US Supreme Courts **RFRA Tanzin** ruling.

4.  **Due Process** (protections are inherently meant to ensure that Defendants, especially after Petitioner's requests/grievances were required to objectively evaluate the record including Court certified documents that demonstrated the wrongs in the PSI and sentencing minutes, provide relief, not force lies, not override to moderate-risk SOCTP, and ensure no further retaliation by Defendants, while enabling successful SOCTP completion for getting Petitioner substantial benefits) **failure by Defendants is demonstrated not just because they failed to provide relief, but they also failed to consider Court certified documents** (see AC Exhibit A-4 Complainant's Florida Deposition Document 52-2 Pages 1 to 85, A-5 New York Court of Appeals Record

Document 52-3 Pages 1 to 9) that proved the underlying facts relied upon by Defendants (see AC Exhibit A-1 PSI Report Document 52-1 Pages 9-15, A-3 Sentencing Minutes Document 52-1 Pages 22 to 58) were wrong, suspect and therefore unreliable. This impacted Petitioner substantial and procedural *due process* rights, as successful completion of the SOCTP program (with no viable alternatives) was mandatory to get substantial benefits for which Petitioner had a liberty interest (had a confirmed release date of 5/15/2024 which would have been lost without the successful completion of this program and severe disciplinary action by DOCCS), and Defendants failed to take into account Court certified documents to modify their assessments, progress reports (see AC Exhibit J-1, J-2, J-3 Document 52-10 Pages 4, 13, 14, 22 and Response Exhibit A-1 Brotz Memo 5/23/2022, Behavior Contract, Evaluation Apr 2022, May 2022, B-1, B-2 and B-3 entries - Treatment Plan 6/30/2022, Evaluation Apr 2022, May 2022, June 2022, Treatment Progress entries 3/21/2022-4/1/2022 and 4/4/2022-4/15/2022, 4/25-4/29/2022, 5/10/2022, 5/30-6/1/2022). Further, Defendants used wrong information, wrong use of override criteria, contrary to Expert opinion (see AC Exhibit D-1, D-2, D-3, D-4, D-5 as Document 52-4 Pages 1-30, E-1 to E-6 as Document 52-5 Pages 1-65, G-1 as Document 52-7 Pages 1-8, H-1 to H-27 as Document 529 Pages 1-68, H-22 as Document 52-8 Pages 46-47, E-5 as Document 52-5 Pages 57-60,  I-1 to I-14 as Document 52-9 Pages 1 -20) demonstrating denial of *due process*, despite pleadings, formal requests and Grievances (see AC Exhibit C-1, C-2 as Document 52-3 Pages 18-30) by Petitioner. Defendants acted in bad-faith, disregarding Expert guidelines (see AC Exhibit E-5 as Document 52-5 Pages 57-60

and H-22 as Document 52-8 Pages 46-47), in pure self interest (see AC Exhibit H-23 as Document 52-8 Pages 48-54), even when they were shown (thus knew) where/how they were wrong (see AC Exhibit D-1, D-2, D-3, D-4, D-5 as Document 52-4 Pages 1-30, E-1 to E-6 as Document 52-5 Pages 1-65, G-1 as Document 52-7 Pages 1-8, H-1 to H-27 as Document 529 Pages 1-68, H-22 as Document 52-8 Pages 46-47, E-5 as Document 52-5 Pages 57-60,  I-1 to I-14 as Document 52-9 Pages 1 -20) but refused to change course (see AC Exhibit C-1, C-2 as Document 52-3 Pages 18-30, and H-24 Response by McKoy as Document 52-8 Page 55) thus liable.

5. **Petitioner's retaliation claims are cognizable, as they form a pattern, are directly related to his SOCTP participation, benefit only Defendants, and are not just an isolated incident.** Petitioner has alleged credible facts (with documents), and only via further Discovery (Admissions, Depositions, Interrogatories specially of Ryan Brotz, Brian McCallsiter and Jeff McKoy and any related communications, also other DOCCS Security Staff at Collins CF) will it be ascertained whether any collusion, or further wrongdoing occurred, thus as this stage of the pleading the Court should allow these claims to proceed, granting Petitioner (the non-movant) the benefit of all credible and plausible facts. Incident #1 (AC Exhibit F-1 on 12/30/2021 as Document 52-6 Pages 2-12) is Ryan Brotz's warning to Petitioner for using her first name. It is undisputed - Petitioner's received staff first name via FOIL, never used first name in verbal communications, used full name (first and last together) in written communications, there is no rule or law that Petitioner was not allowed to use the first name (Petitioner also has a free speech right of using first name, despite Ryan Brotz's aversion to

it). Despite, knowing all this Ryan Brotz (on 12/30/2021) gave him this warning right after (within 7 days) Petitioner filed a Grievance (see AC Exhibit C-2; on 12/23/2021 as Document 52-3 Pages 27-30) which establishes this incident as more than a coincidence, but plain and simple intimidation, harassment, retaliation and dislike of Petitioner by Ryan Brotz (who said many times in 1on1 interactions with Petitioner - "*I will destroy you*"; "*Who do you think you are to challenge me*"; "*I run SOCTP*" and many such verbal abuses all after Petitioner wrote Grievances, and letters to assert his rights).  Incident #2 (AC Exhibit F-2 on 4/4/2022 as Document 52-6 Pages 13-32) where Ryan Brotz gave Petitioner a ticket with allegations -  Fraud, Impersonation, Lying etc. Couple of things to be noted here - Ticket was thrown out as frivolous by the hearing Officer (Lt. Sully, who Petitioner plans to depose), Brotz knew (via DOCCS records and she had the authority, obligation and above all the competence before writing this ticket) that Petitioner was a law library clerk and per DOCCS policy, allowed to help other inmates with their legal (FOIL) work. Ryan Brotz has access to DOCCS system (which shows Petitioner's job title as a law library clerk) and Directives (DOCCS Law Library Directive which states Petitioner's law clerk duties and includes his ability to help other inmates with their legal work), therefore it is unfathomable that Brotz did not know that the ticket and its allegations are frivolous, thus the sole purpose can only be retaliation (as Petitioner had named her as a Defendant by that time, written letters, grievances and appeals against her). As an example, it should be noted that attempted murder is a crime, thus the aggrieved party need not die for it to be cognizable, even the attempt is cognizable under the law, and what is important is *Mens-Rea* (state of mind of

perpetrator Ryan Brotz), which can only be ascertained once she testifies (deposition) and answers Petitioner's admissions and interrogatories, thus it can be said that no jury may conclude that Ryan Brotz did not have malice, or did this out of sense of duty, or simply did not know (apparently Ryan Brotz a Psych PhD whose credentials are a New York State secret, runs a critical DOCCS program and has been around for years, so cannot be an oversight but is intentional harm, harassment and deliberate attempt by Ryan Brotz). Incident #3 (see AC Exhibit F-3 as Document 52-6 Pages 33-35) is not just a routine search (where no other property except legal documents were touched) but a deliberate search (it should be noted that Petitioner was drafting his response to SDNY Case# 21-cv-05349-VB; which now is this Case #22-cv-06469-FPG)  of legal documents which were taken (and not returned for Brotz to see how Petitioner is responding to the Court). At Collins the only people who knew Petitioner was drafting a response (was Brotz via Defense Counsel - Neil Shevlin) and Brotz was the only one being negatively impacted by Petitioner's response. Cell searches can only be done by Security staff (so Brotz may have colluded with security staff and instigated this illegal search). Petitioner concedes DOCCS is within its rights to search all of his property, but DOCCS has no right to take away his legitimate legal paperwork (which were not returned and resulted in delays, more efforts, and more cost for Petitioner to respond, thus a concrete injury). Facts surrounding this incident can only come out (who ordered it in the chain, why and how) in the open, once the search officer (CO) is deposed (he will squeal as he was under Orders by either a Security Supervisor in the chain of command, who in turn will have to reveal sources and methods with

records, as it no longer can impact security). Petitioner's plausible theory that Ryan Brotz was behind this incident is based on credible assertions and facts, thus cognizable at this stage of the litigation. Incident #4 (see AC Exhibit F-4 on 4/19/2022 as Document 52-6 Page 36) - DOCCS is within its rights to move Petitioner, but as is established (undisputed) Brotz directly asked Petitioner to be moved (Petitioner has no disciplinary history) and said to Petitioner in 1on1 conversations (many times in the Dorm and during SOCTP review sessions) - "*I run SOCTP*", "*I will show you who is the boss*", "*I will kick you out of SOCTP*", "*Go back to your country you illegal Indian*" and many such abuses (the reason Petitioner did not put these in writing before as he was incarcerated and feared retaliation and physical torture from DOCCS staff, but now after exoneration they can't do anything), which will be established during Discovery, thus cognizable at this stage of the pleading.  Incident #5 (see Response Exhibit A-1; on 5/10/2022 Inmate SOCTP Behavior Contract - "Lacks Responsibility & Accountability for Offending" given by Brotz via Social Worker LMSW2 - Courtney Blanar) which is not just harassment but also proves that Ryan Brotz was forcing Petitioner to lie, providing untrue facts. In fact, the Social Worker (Courtney Blanar who Petitioner plans to  depose) who physically gave this behavior contract was explicit that she is just the messenger and Brotz personally asked her to give Petitioner this contract. Subsequently, Ryan Brotz told Petitioner 1on1 (in the Dorm in the AM, which will be ascertained via logs and testimony on the record) - "*I will destroy your appeal - watch me*", thus this proves not just retaliation but Defendants forcing Petitioner to lie, provide untrue facts and put a substantial burden on his core and sincerely held religious beliefs, making them cognizable

at this stage of the litigation. Incident #6 (see Response Exhibit A-2 on 5/30/2022 is attempt to wrongly deny Petitioner the Grievance process by the IGPS Rep who is a colleague of Brotz) where Joshua Becker (the Civilian who oversees Grievance at Collins and may be deposed) told Petitioner he is doing this to help Ryan Brotz, as they have each other's back, making it cognizable. These incidents are all related, are a series of events in short period of time (Dec 2021 to May 2022) when Petitioner was at Collins undergoing SOCTP program (Oct 2021 to Nov 2022), directly benefit Brotz and McCallister (who are a party to this lawsuit), form an escalating pattern of incidents, are more than merely a coincidence or business as usual in prison (Note: It is undisputed that Petitioner had a stellar disciplinary record during 1651 days of illegal incarceration). Discovery (dispositions, admissions, and interrogatories) will provide more details (who, when, why and how about these retaliation incidents), and given Plaintiff is the non-movant, facts described are plausible and credible, are all under Petitioner's sworn affidavit, with documentary proof, therefore the benefits must accrue to the Petitioner, making retaliation claims cognizable at this stage of the litigation.

6. **Qualified Immunity as a shield does not apply in this controversy as there cannot be any compelling interest for Defendants to force Petitioner to lie (commit perjury), provide untrue facts and discuss behavior that did not happen,  thus an egregious violation by Defendants who not only knew they were wrong but continued to engage in these  acts.** Yes, Defendants did not know that Petitioner will reverse his conviction, but knew in Black and White (via Court documents) that the set of facts that they relied upon (PSI and

Sentencing Minutes; see AC Exhibit A-1 and A-3) were proven wrong (not just by Petitioner's word) and suspect by other Court documents (see AC Exhibit A-4, A-5 provided to Defendants), while they continued to coerce Petitioner (as is shown unequivocally by their written communications and SOCTP progress reports and evaluations; see AC Exhibit J-1, J-2, J-3 and Response Exhibit B-1, B-2, B-3) to lie and provide untrue facts. Defendants cannot escape liability, including individual liability, saying they were not aware or made a mistake or had compelling interest in forcing Petitioner to commit Perjury, or substantially burdening his religious beliefs (see ***Sabir v. Williams, 2022 2nd Circuit***), thus are not protected by qualified immunity (which does not protect egregious and brazen acts knowingly with an intent to harm as substantial burden is established due to Defendants acts). Further, Defendant's action directly resulted in a substantial burden towards Petitioner's core and sincerely held religious beliefs, while Defendants had no (cannot have)  compelling interest to force Petitioner to lie, provide untrue facts, or discuss behaviors that did not happen. Defendants were (repeatedly) asked for relief which they denied. Further, Defendants cannot be protected by qualified immunity, once Petitioner has demonstrated that they substantially burdened his core and sincerely held religious beliefs. ***RLUIPA, First Amendment, §1983*** allows for individual capacity damages (as is shown later; ***RLUIPA*** Individual Capacity Damages were allowed to proceed on 2/22/2023 #148 by SDNY, Case #21-cv-06584-CS *Tripathy v McClowski et.al*, by US District Judge HON. Cathy Seibel) and therefore even if injunctive relief may be unavailable, this lawsuit should proceed so as to hold

Defendants accountable, with declaratory relief and monetary damages as remedies available (due to Defendants unconstitutional acts).

7. Other Claims: **Petitioner's equal protection claim is cognizable** as Defendants (see AC and its Response) where in Petitioner describes (interaction with Defendants) - "*Other religions including Muslims and Jews do not have problems admitting to lies and untrue facts, when they are in the program (SOCTP), why do you as a Hindu have a problem*", and "*where does it say in Hinduism that you can't lie or provide untrue facts*", is the primary basis of Petitioner's claim, which can be verified after Discovery (admissions, interrogatories and depositions of Defendants). **Petitioner's conspiracy claims are also cognizable as 2 or more Defendants (Ryan Brotz and Brian McCallister) colluded (on their own for their direct and personal benefit) to put Petitioner in the high-risk SOCTP (instead of low-risk) to get increased government funding for the program** (as moderate-risk is longer and gets more resources; see AC Exhibit C-2, G-1, H-5, H-6, H-7, H-8, H-9, H-10, H-11, H-12, H-13, H-14, H-15, H-16, H-19, H-20. H-21, H-22, H-23, H-24, H-25) as it is already established with facts (see AC Exhibit H-23 Whistleblower's Complaint that clearly shows the monetary benefits of systemic overrides when looked at with AC Exhibit G-1 Affidavit by Inmates for overrides as Document 52-7 Pages 2-8) that Petitioner override was wrong, incorrect and contrary to Expert opinion, and therefore the sole benefit of this override directly accrues to  Brotz and McCallister (job security and bigger bonus), who colluded, conspired to promote their individual agenda that led to direct (monetary and others) benefits to them, thus making them liable under conspiracy claims (even under the intra-company doctrine wherein these

Defendants benefited personally and monetarily). Unless Petitioner is provided an opportunity via Discovery to get documents, communication, it may be premature for the Court to dismiss these claims, as Petitioner has pleaded plausible and credible facts, which as the non-movant must go in his favor.  Petitioner concedes that the False Claims Act (FCA), may not be cognizable in this case.

8. **At this stage of the pleading it will be improper to dismiss Annucci as a Defendant as he is more than likely personally involved,  had clear knowledge of the violations (see AC H-20), directed McKoy to respond (see AC H-24 McKoy's response explicitly under Annucci's direction), had the power to provide relief, but decided not to act and ignore Petitioner's plea.** Discovery of communications, and depositions can only ensure facts, which are plausible and credible allegations at this stage of the pleading (as needed under *Iqbal*) towards Annucci, are viable and therefore facts at this stage of the pleading must not assume Annucci's lack of involvement. Only a direct Deposition of McKoy, and Discovery of communications can provide Petitioner the opportunity, which is his right, and then the Court can decide on this issue. Defense arguments cannot be taken as conclusive and there are numerous unknowns at this time, but as shown there is enough clarity with a balance of probabilities favoring the Petitioner, who as the non-movant must be given the benefit here.  Further it should also be noted (see AC Exhibit C-1 and C-2; Grievances and their denial) CORC (DOCCS Central Office Review Committee) makes decisions directly for and on behalf of Annucci, who denied any relief, and therefore is cognizable.

9. Official capacity claims: **Petitioner is aware of Eleventh Amendment immunity for damages claims in Defendants official capacity, but understands that Declaratory judgment may still be available as a remedy.** Petitioner is unsure and looks for this Court's guidance whether this pertains to all cause(s) of actions including - *§1983/First Amendment - Free Exercise Clause, RLUIPA*, *Due Process*, *Conspiracy - §1983 and §1985* to deprive petitioner of his rights. **Further, monetary damages is available for Defendants egregious violations in their individual capacity under** *RLUIPA* **and other causes of action.**

## CONCLUSION

For the foregoing reason, the Court should deny Defendants motion to dismiss, order the parties to engage in discovery and so they can prepare for trial.

Respectfully Submitted,

*/s/ Sanjay Tripathy*

Sanjay Tripathy

ProSe Petitioner/Plaintiff

sanjay.tripathy@gmail.com

+1-859-380-1515

An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;

---

## **AFFIDAVIT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SANJAY TRIPATHY

                    Plaintiff,              PETITIONER'S AFFIDAVIT

    -vs-

                                      **22-cv-06469-FPG**

JEFF MCKOY, et. al.,
                    Defendants.

───────────────────────────────

      Petitioner affirms and attests the following (including the Amended Complaint, Response dated 7/6/2022, this Response dated 3/23/2023, including all attached Exhibits and reference to his criminal conviction and exoneration) under penalty of perjury, as is relevant to this lawsuit.

1. Petitioner was convicted of a sex offense, which warranted the successful completion of the DOCCS sex-offender program to get substantial benefits including but not limited to parole terms, **SORA**, **SOMTA** and **Mental Hygiene Law** ( see AC Exhibit A-1, A-2, A-3).

2. Petitioner did not challenge the DOCCS mandatory requirement to complete the SOCTP program (see.AC Exhibit C-1, H-1, H-2).

3. Petitioner has always and consistently maintained his innocence of all charged crimes (Petitioner did not engage in any crime during this incident or at any other time in his life), has maintained his set of facts including during trial, sentencing and his incarceration. These facts were clearly communicated to Defendants on multiple occasions (verbally and

---

in writing; see AC Exhibit H-1 to H-27 and I-1 to I-14). Petitioner was explicit (with Defendants) that he will participate and try to satisfactorily complete the SOCTP program, but he cannot lie, nor provide untrue facts, or agree to behaviors that he did not indulge in, but Defendants not only denied any formal relief, but also forced him (verbally and in writing; see AC Exhibit H-3, J-1, J-2, J-3 and Response Exhibit A-1, B-1, B-2, B-3) to act otherwise. Further, Petitioner also explicitly brought to Defendant's attention that as a Hindu (religion of Hinduism) one of his core and  sincerely held beliefs is to neither lie, nor provide untrue facts, engage in falsity or describe behaviors, actions etcetera, that were false or did not take place (see AC Exhibit C-1, H-1, H-2).  Defendants' denial of formal relief (see AC Exhibit C-1), with constant threats, retaliations (see AC Exhibit F-1, F-2, F-3, F-4, and Response Exhibit A-1, A-2), demeaning actions, language and coercing Petitioner were a substantial burden on Petitioner's exercise of his religious beliefs.  Defendants failed to address the strict scrutiny requirements of the compelling interest and least restrictive means tests, which they neither discussed for possible relief, nor addressed in their motions and responses.

4. Petitioner is fully compliant with DOCCS grievance process and has exhausted all his administrative remedies (see AC Exhibit C-1, C-2), properly and timely.

5. Defendants heavily relied on Petitioner's PSI report (see AC Exhibit A-1) and sentencing minutes (see AC Exhibit A-3) to ascertain the facts of his case, including but not limited to events, behaviors leading to his criminal conviction. This information was extensively used by Defendants to review Petitioner's SOCTP program participation (see AC Exhibit J-1, J-2, J-3 and Response Exhibit A-1, B-1, B-2, B-3), progress,

and resulted in warnings verbal and written (by Defendants) to force and coerce Petitioner, that he must agree to untrue facts, and discuss behaviors that did not happen.

6. Defendants forced, unduly coerced and tried to influence Petitioner on multiple occasions to admit to false facts, agree to untrue behaviors and discuss events (all related to his criminal case and conviction) that were false, untrue in context of the requirements of the DOCCS sex-offender (SOCTP) program (see AC Exhibit J-1, J-2, J-3 and Response Exhibit B-1, B-2, B-3).

7. Petitioner, on Defendant's explicit request (via his post-conviction Attorneys per Ryan Brotz's request) provided Court documents that demonstrated that the PSI and sentencing minutes were suspect, false (due to Perjury by complainant), thus unreliable, wrong and cannot be objectively used. Despite having these Court certified documents (see AC Exhibit A-4 and A-5) in their possession Defendants continued to rely on the PSI and sentencing minutes to subject Petitioner to the allegations described (see AC Exhibit J-1, J-2, J-3 and Response Exhibit A-1, B-1, B-2, B-3) in the complaint.

8. Petitioner reversed his conviction and was exonerated on 11/22/2022 and released from DOCCS custody, after 1651 days in illegal captivity (undisputable). The Court documents (see AC Exhibit A-4, A-5; provided and available with Defendants) and its underlying facts were primarily the reason Petitioner's criminal case was reversed (undisputable). Petitioner is unlikely to be tried again and his attorneys are in active discussion with the Manhattan DA's office, under the supervision of the New York County Supreme Court, to dismiss his indictment, so he can be declared 100% legally innocent. Petitioner pleads the Court to take

judicial notice of his exoneration, by the New York County Supreme Court. Petitioner (or his Attorneys) can provide documentary proof (certified records) of his exoneration, and the grounds for the same.

9.  Defendants on multiple occasions subjected Petitioner to a series of retaliations (see AC Exhibit F-1, F-2, F-3, F-4 and Response Exhibit A-1, A-2), logically construed as a pattern, that went far above and beyond what is typical and usual in prison with malice, vindictiveness, and no direct relation to the SOCTP program, and with a clear intention to harass, intimidate and discriminate. It is not clearly established (at this time) who exactly initiated all of these retaliations, but some (AC Exhibit F-1, F-2, F-4) are attributable to Ryan Brotz, whereas others (AC Exhibit F-3 and Response Exhibit A-1, A-2) can only be uncovered via discovery and depositions, and investigations (reports) by the OSI (Office of Special Investigations at DOCCS, where Petitioner filed 2 complaints that were investigated, but he was not provided with any reports). It is clear that all retaliation events were at Collins CF, and were done when Petitioner was in the SOCTP program, thus someone (either Brotz individually or in cahoots with other DOCCS staff/Defendants) engaged in these events. These were clearly unwarranted (as is shown), done with malice and in a conspiracy to deprive Petitioner his constitutional and statutory rights.

10. Defendants wrongly applied their industry-standard risk assessment criteria to override Petitioner to moderate-risk SOCTP, instead of low risk SOCTP (see AC Exhibit-D, E, G, H, I, J and Response Exhibit B) which shows systemic abuse, lack of scientific rigor, arbitrary and capricious action specially by Defendants Brotz, McCallsiter and McKoy. It should also be noted that Sex-Offender Expert (Yolanda Fernandez who is the

author of Static-99R and Stable 2007 risk assessment instruments) disagreed with Defendant's application and said (Petitioner's override) it is wrong (see AC Exhibit E-5, E-6, H-22) and improper. Further (see AC Exhibit H-23) the Whistleblower Complaint shows the financial impact (potential) of systemic overrides by Defendants, in pure self-interest.

11. Petitioner met in person with (Ryan Brotz, Brian McCallister) and wrote to (Ryan Brotz, Brian McCallister, Jeff McKoy and Anthony Annucci) on multiple occasions, to discuss issues, seek relief, but was denied relief. All Defendants had personal involvement, knew about the issues/violations, had the power to provide relief, but deliberately ignored and denied any relief, while perpetrating unconstitutional acts.

Respectfully Submitted,

*/s/ Sanjay Tripathy*

Sanjay Tripathy

ProSe Petitioner/Plaintiff

sanjay.tripathy@gmail.com

+1-859-380-1515

<u>An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;</u>

## STATEMENT OF MATERIAL FACTS - GENUINE ISSUE FOR TRIAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────

SANJAY TRIPATHY

               Plaintiff,                    GENUINE ISSUES FOR
                                          TRIAL - MATERIAL FACTS

   -vs-

                                          **22-cv-06469-FPG**

JEFF MCKOY, et. al.,
                    Defendants.

─────────────────────────────────────────

1. Petitioner was repeatedly forced, coerced, influenced to lie, provide untrue facts, and discuss behaviors that were false, contrary to his set of facts per trial and court records.

2. Petitioner was wrongly overridden to moderate risk SOCTP program instead of low-risk, as shown by Sex-Offender risk assessment criteria, and the facts of his case, ascertained by Experts via further discovery and depositions. Further, perverse financial incentives for systemic overrides led to Petitioner's override.

3. Petitioner was harassed, intimidated, retaliated against by the Defendants, with malice and discrimination. It is not clearly established (at this time) who (why, how) exactly initiated all of these retaliations, but some are clearly by Ryan Brotz, whereas others can only be uncovered via discovery and depositions.

4. Petitioner core and sincerely held religious beliefs were substantially burdened when he was forced to lie, provide untrue facts, and discuss behaviors as it relates to his incarceration.

5. Defendants were personally involved and engaged in unconstitutional acts in their individual capacity, besides their official capacity.

Respectfully Submitted,

*/s/ Sanjay Tripathy*

Sanjay Tripathy

ProSe Petitioner/Plaintiff

sanjay.tripathy@gmail.com

+1-859-380-1515

An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;

## CERTIFICATE OF SERVICE

Petitioner certifies that he electronically filed his response on Friday, March 24th, 2023, with the Clerk of the US District Court, Western District of New York using the CM/ECF system, which sent notification to the Defense Counsel (Heather L. McKay, Assistant AG). Petitioner has also provided a courtesy copy via email (heather.mckay@ag.ny.gov) to Defense Counsel.

Respectfully Submitted,

*/s/ Sanjay Tripathy*

Sanjay Tripathy

ProSe Petitioner/Plaintiff

sanjay.tripathy@gmail.com

+1-859-380-1515

An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;