UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                               Plaintiff,                    DECISION AND ORDER

v.                                                                  Case # 6:22-cv-06469-FPG

RYAN BROTZ, et al.,

                               Defendants.
_____

*Pro se* Plaintiff Sanjay Tripathy has filed this Motion to Reconsider a decision issued in this case by the previous district judge presiding over this case in the Southern District of New York (Briccetti, J., ECF No. 64) (the "Prior Decision"). ECF No. 67. The Prior Decision ordered, among other things, (i) the dismissal of Plaintiff's claims against certain defendants for money damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA," 42 U.S.C. § 2000cc-1(a)) and (ii) the transfer of venue for all claims against the remaining defendants to this district. ECF No. 64 at 10, 16-17. For the reasons set forth below, Plaintiff's Motion to Reconsider is DENIED.

## BACKGROUND

Plaintiff brought this action, alleging violations of the Constitution and several federal statues, including RLUIPA, against (i) New York State Governor Kathy Hochul, Tina Stanford, Chair of the New York State Board of Parole, and Michelle Harrington, Chair of the New York State Board of Examiners of Sex Offenders (collectively, the "Albany Defendants"); (ii) Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), Jeff McKoy, DOCCS Deputy Commissioner of Programs, and Brian McCallister, Director of the DOCCS Sex Offender Counseling and Treatment Program

("SOCTP") (collectively, the "DOCCS Defendants"); (iii) Maria Feuz, a social worker at Fishkill Correctional Facility ("Fishkill") ("SW Feuz"), Jacqueline Reid, Fishkill Sex Offender Rehabilitation Counselor ("SORC Reid"), Luis Gonzalez, Fishkill Assistant Deputy Superintendent of Program, John Wood, Fishkill Deputy Superintendent of Programs, and Fishkill Superintendent Edward Burnett (collectively, the "Fishkill Defendants"); and (iv) Dr. Ryan Brotz, the SOCTP psychologist for Collins Correctional Facility ("Collins"). District Judge Vincent Briccetti presided over this case in the Southern District under the case number 21-cv-5347 until this case was transferred to the undersigned pursuant to his order to transfer venue.

## LEGAL STANDARD

An interlocutory order "is subject to revision at any time before the entry of [final] judgment." Fed. R. Civ. P. 54(b). Thus, upon a motion to reconsider a "district court has the discretion to reconsider, and if appropriate, revise an interlocutory order." *Kliszak v. Pyramid Mgmt. Group.*, No. 96-CV-0041E, 1998 WL 268839, at *1 (W.D.N.Y. Apr. 30, 1998). Reconsideration and revision of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

This discretion to reconsider also extends to interlocutory orders rendered by another judge in the same case. *Gutermuth Invs., Inc. v. Coolbrands Smoothies Franchise, LLC*, No. 07-CV-1105, 2007 WL 2128835, at *2 (E.D.N.Y. July 25, 2007). However, "the successor judge may not reconsider his predecessor's rulings with the same freedom that he may reconsider his own rulings. . . . [T]he law of the case doctrine in these circumstances reflects the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one." *Rite Aid*

*Corp. v. Am. Home Prod. Corp.*, No. 02-CV-4431, 2003 WL 21250547, at *4 (E.D.N.Y. Apr. 16, 2003) (quoting *Smithkline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1014 (N.D. Ill. 2003) (Posner, J.)).

While a district court has broad discretion to reconsider prior orders in the same case, "such a motion is generally not favored and is properly granted only upon a showing of exceptional circumstances. A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Kroemer v. Tantillo*, No. 17-3436, 2018 WL 6619850, at *3 (2d Cir. Dec. 17, 2018) (summary order) (internal quotation marks and citations omitted). A court will view a party as relitigating an issue where the motion to reconsider presents new facts and issues that they could have but failed to argue in the first instance. *See Bennett v. Verizon Wireless*, No. 04-CV-6314, 2008 WL 216073, at *1 (W.D.N.Y. Jan. 24, 2008), *aff'd*, 326 F. App'x 9 (2d Cir. 2009) (summary order).

**DISCUSSION**

1. **Dismissal of Claims for Money Damages under RLUIPA**

In the Prior Decision, the Court dismissed Plaintiff's claims for money damages citing the Second Circuit's statement in *Tanvir v. Tanzin* that "RLUIPA prohibits both the recovery of money damages from state officers sued in their official capacities and in their individual capacities." *Tanvir v. Tanzin*, 894 F.3d 449, 465 (2d Cir. 2018) (citing *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013)), *aff'd*, 141 S. Ct. 486 (2020).

Plaintiff asserts that the Court's reliance on *Tanvir* and *Gonyea* was misplaced, and that the Supreme Court's ruling in *Sossamon v. Texas*[1] should apply instead. ECF No. 67 at 4. Plaintiff

---

[1] Specifically, the Supreme Court held that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver." *Sossamon v. Texas*, 563 U.S. 277, 293 (2011).

3

acknowledges that, in *Sossamon*, the Supreme Court was silent with respect to suits under RLUIPA against state employees in their individual capacities, but argues that such silence should be interpreted in his favor because the Second Circuit's reasoning in *Gonyea* relied on "weak arguments." *Id.* Plaintiff's arguments are unpersuasive.

Whether Plaintiff believes the Second Circuit's arguments to be weak does nothing to undermine the binding authority of the Second Circuit's rulings on district courts within the circuit. *Wisdom v. Intrepid Sea-Air Space Museum*, 993 F.2d 5, 7 (2d Cir. 1993) (per curiam) ("A decision of a panel of [the Second Circuit] is binding unless and until it is overruled by the [Second Circuit] *en banc* or by the Supreme Court."). The Second Circuit has held that RLUIPA does not allow for actions, like Plaintiff's, that seek to recover money damages from state officials in their individual capacities. *See Gonyea*, 731 F.3d at 145. And since, as Plaintiff acknowledges, neither the Second Circuit *en banc* nor the Supreme Court have overruled the decisions in *Tanvir* and *Gonyea*, they are binding on the district courts within the circuit and the prior judge did not commit clear error in applying the law he was bound to follow. Accordingly, there is no basis for reconsidering the dismissal of claims for monetary damages against defendants under RLUIPA in the Prior Decision.

2. **Change of Venue**

In the Prior Decision, the Court dismissed all claims against the Fishkill Defendants and the Albany Defendants and transferred the remaining claims against Dr. Brotz and the DOCCS Defendants to this district pursuant to Section 1404(a) of Title 28. ECF No. 64. The Court considered the following ten factors in making its determination:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice

of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Keitt v. New York City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011).

Plaintiff would like this Court to reconsider the Prior Decision based on changed circumstances. Specifically, since the time the Prior Decision was issued, Plaintiff has been released from incarceration at Collins and now currently resides at home in North Carolina. ECF No. 74.[2] Plaintiff argues that traveling to the Western District from his home in North Carolina will be more burdensome than traveling to the Southern District. ECF No. 67 at 3. The Court is unconvinced by this argument because whether the case proceeds in the Southern District or the Western District, the burden to the Plaintiff of leaving his home district remains, so the additional distance he would need to travel to the Western District is only marginal in comparison.

Further, even if travel to the Western District is markedly more burdensome for the Plaintiff, his new location does not alter "locus of operative facts underlying this action." ECF No. 64 at 17. "Although the plaintiff's choice of forum is entitled to deference…courts' reliance upon plaintiff's choice diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum." ECF No. 64 at 16. Importantly, key witnesses and documents associated with Collins Correctional Facility remain located in the Western District. *Id*. at 17.

In transferring the case, the Prior Decision considered the relevant factors and there is therefore no clear error of law to correct. Moreover, the added burden of traveling to the Western District is not such a manifest injustice that reconsideration is warranted. Accordingly, there is no basis to reconsider the Court's prior ruling to transfer the case to the Western District.

## CONCLUSION

---

[2] At the time of filing the motion for reconsideration, Plaintiff anticipated his impending release. As of the time of deciding his motion to reconsider, Plaintiff has in fact been released and returned to North Carolina. *Id*.

Upon careful review of Plaintiff's Motion for Reconsideration, the Court finds no basis to reconsider the Prior Decision. Plaintiff does not point to any mistake, misrepresentation, newly-discovered evidence, or other reason to justify granting his requested relief. Accordingly, Plaintiff's Motion for Reconsideration, ECF No. 67, is DENIED in its entirety.

IT IS SO ORDERED.

Dated: May 23, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York